353 A.2d 808

COMMONWEALTH of Pennsylvania

v.

Fred E. MOORE, Appellant.

Supreme Court of Pennsylvania.

Argued Jan. 19, 1976.

Decided March 17, 1976.

512

Marjorie A. Weiss, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Gold-blatt, Asst. Dist. Atty., Chief, Appeals Div., for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

OPINION OF THE COURT

ROBERTS, Justice.

On June 20, 1973, after a nonjury trial, appellant Fred E. Moore was convicted of arson and firing personal property. The court imposed a sentence of five years of neuro-psychiatric probation on the arson conviction and a suspended sentence on the firing personal property

conviction. The Superior Court affirmed by per curiam order, and we granted appellant's petition for appeal.[1]

Appellant raises four issues: (1) whether there was sufficient evidence to establish the corpus delicti of arson; (2) whether appellant's confession should have been suppressed; (3) whether appellant was denied a separate hearing on the issue of the voluntariness of his confession; and (4) whether appellant was denied effective assistance of counsel. We find the first claim to be meritless, and the second and third claims have been waived. We remand the case to determine whether appellant's fourth claim has merit.

I

Before the Commonwealth may introduce a defendant's confession, it must first establish by independent evidence that a crime has in fact occurred. *Commonwealth v. Cockfield,* 465 Pa. 415, 350 A.2d 833 (1976); *Commonwealth v. Stoltzfus,* 462 Pa. 43, 337 A. 2d 873 (1975); *Commonwealth v. Ware,* 459 Pa. 334, 329 A.2d 258 (1974); *Commonwealth v. May,* 451 Pa. 31, 301 A.2d 368 (1973); *Commonwealth v. Leamer,* 449 Pa. 76, 295 A.2d 272 (1972); *Commonwealth v. Palmer,* 448 Pa. 282, 292 A.2d 921 (1972); *Commonwealth v. Burns,* 409 Pa. 619, 187 A.2d 552 (1963). Thus, before appellant's confession could be properly admitted, the Commonwealth had to establish the corpus delicti of arson—(1) that a fire occurred, and (2) that it had an incendiary origin. *Commonwealth v. Cockfield,* supra; *Commonwealth v. Leslie,* 424 Pa. 331, 334, 227 A.2d 900, 902 (1967). As this Court stated in *Ware*:

"This rule is rooted in a hesitancy to convict one of crime on the basis of his own statements only. 'The grounds on which the rule rests are the hasty and un-

1. See the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 204(a), 17 P.S. § 211.204(a) (Supp. 1975).

guarded character which is often attached to confessions and admissions and the consequent danger of a conviction where no crime has in fact been committed . . . .' *Commonwealth v. Turza,* 340 Pa. 128, 134, 16 A.2d 401, 404 (1940)."

459 Pa. at 365, 329 A.2d at 274.

The Commonwealth introduced the following evidence to establish the corpus delicti. During the evening of October 25, 1972, there was a fire in the third floor Philadelphia apartment where appellant and appellant's uncle lived. A second floor tenant testified that minutes prior to the fire he heard noises on the third floor which became louder. He heard glass breaking and an unidentified voice say "help, help, help me." The tenant called police. The landlady, who lived across the street, testified that appellant's uncle arrived at her apartment shortly before she became aware of the fire. He told her to call police. When the police arrived, smoke was spewing from the upstairs apartment.

The Commonwealth called an expert witness, Robert Quinn, to testify concerning the causes of the fire. He stated that, in his opinion, the fire was deliberately ignited. He based his conclusion on the following: the type of fire damage was such that the fire could not have been caused by faulty electrical wiring; the burn pattern showed that the fire was ignited approximately a foot to a foot and a half from the floor; and his investigation of the furnishings in the apartment indicated the fire was not ignited by a cigarette burn. Although he stated that the fire could have been started accidentally, he testified that, based on his investigation of over 1,000 fires, the fire was probably incendiary because the usual causes of accidental fires were not present.

■■ Because arson is rarely committed in the presence of others, circumstantial evidence, even if standing alone, may be used to establish the corpus delicti. *Com-*

*monwealth v. May,* supra; *Commonwealth v. Leslie,* supra.

This Court addressed the corroboration requirement in *Ware*:

> "Although corroboration is insufficient if the independent evidence is equally consistent with accident or criminality, *Commonwealth v. Leslie,* 424 Pa. 331, 227 A.2d 900 (1967), 'the prosecution has no duty to affirmatively exclude the possibility of accident or suicide in order to establish the corpus delicti.' *Commonwealth v. May,* supra, at 33, 301 A.2d at 369–370."
> (Footnote omitted.)
> 459 Pa. at 366, 329 A.2d at 274–75.[2]

■ The Commonwealth's evidence, although circumstantial, satisfies the standards for proving the corpus delicti. There was testimony indicating that there was a scuffle shortly before the fire was ignited, and an expert witness testified that most probable accidental causes could be ruled out. This justifies the trial court's conclusion that a fire occurred and that its origins were more consistent with criminal agency than with accident.[3]

2. The proof necessary to establish the corpus delicti in order to render a confession admissible must be carefully distinguished from the Commonwealth's ultimate burden of proof. As we stated in *Commonwealth v. Ware,* 459 Pa. 334, 367 n. 43, 329 A.2d 258, 275 n. 43 (1974):
 "The former merely requires that the trial court be satisfied that a conviction will not result from a confession or admission when no crime has in fact been committed by anyone. Ultimately the Commonwealth must prove beyond a reasonable doubt that a crime has in fact been committed."

3. Appellant's reliance on *Commonwealth v. Leslie,* 424 Pa. 331, 227 A.2d 900 (1967), and *Commonwealth v. Winter,* 174 Pa.Super. 35, 98 A.2d 221 (1953), is misplaced. In *Leslie,* the fire marshall found "a mass rubble of charred remains at the building." He could give no testimony concerning the cause of the fire other than his feeling that "it was other than an accidental fire." The Commonwealth offered no other evidence to establish the corpus delicti. Here, an expert on the causes of fires positively eliminated the most frequent causes of accidental fires.
 Nor does *Winter* dictate a different result. There, the Superior Court erroneously held that the corpus delicti must be established

## II

■■■ Appellant argues that, although the Commonwealth established the corpus delicti, the confession should have been suppressed because it was either involuntary or the fruit of an illegal arrest. He also asserts that he was denied an independent hearing to determine the voluntariness of the confession. However, appellant failed to make a timely motion for a suppression hearing pursuant to Pa.R.Crim.P. 323 and failed to raise these issues at trial or on post-trial motions. Consequently, they are waived and not preserved for this appeal. *Commonwealth v. Kearney*, 459 Pa. 603, 331 A.2d 156 (1975); *Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974); *Commonwealth v. Sasser*, 453 Pa. 622, 309 A.2d 352 (1973).[4]

## III

■■ Finally, appellant argues that he was denied effective assistance of trial counsel.[5] He relies on the following: (1) trial counsel was unprepared at the preliminary hearing and at trial; (2) trial counsel failed to move for a suppression hearing; (3) trial counsel's

beyond a reasonable doubt before a confession may be admitted. See *Commonwealth v. Ware*, 459 Pa. 334, 367 n. 43, 329 A.2d 258, 275 n. 43 (1975).

4. Appellant also alleges that the credibility of the police officer who took his confession was so damaged that it was unbelievable. However, he bases this contention on testimony at the preliminary hearing, which was not presented at trial. The record shows that the officer's credibility was not seriously challenged at trial; in any case, the credibility of witnesses is within the province of the trier of fact. *Commonwealth v. Rose*, 463 Pa. 264, 344 A.2d 824 (1975); *Commonwealth v. Garvin*, 448 Pa. 258, 293 A.2d 33 (1972).

5. Appellant's appellate counsel represented appellant for the first time after post-trial motions were denied. Therefore, the issue of ineffective assistance of trial counsel, which was presented to the Superior Court, is properly presented here. *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975); *Commonwealth v. Zapata*, 455 Pa. 205, 314 A.2d 299 (1974).

cross-examination of Commonwealth witnesses was ineffective; and (4) trial counsel failed to call appellant in his own defense.

■ This Court has adopted the following test for determining whether a defendant has been denied effective assistance of counsel:

"[O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record." (Emphasis in the original.)

*Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352–53 (1967); see *Commonwealth v. Abney*, 465 Pa. 304, 350 A.2d 407 (J. 361, 1975, filed January, 1976); *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975).

■ Here, appellant's conviction was based almost exclusively on his own oral confession. If, as appellant contends, there were no reasonable grounds designed to effectuate appellant's interests for counsel's failure to move for suppression of that confession, his failure to call appellant as a witness, or his failure to attack the credibility of the police officer who testified concerning the contents of the confession, then appellant's counsel was ineffective and appellant is entitled to a new trial.

We cannot determine from the record before us whether appellant's factual allegations have merit. We therefore vacate the judgments of sentence and remand for an evidentiary hearing. If upon remand, it is determined that counsel's action did not meet the standard for effective assistance of counsel, a new trial shall be awarded. If, however, trial counsel's representation was effective, the judgments of sentence shall be reinstated. *Common-*

518 

*wealth v. Twiggs,* supra. The parties may, of course, appeal the hearing court's determination.

Judgments of sentence vacated and cause remanded for proceedings consistent with this opinion.