Commonwealth *v.* Millhouse, Appellant.

Commonwealth, Appellant, *v.* Millhouse.

446

Argued December 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Gerald A. Stein*, with him *Abraham T. Needleman*, and *Needleman, Needleman, Tabb & Eisman*, for appellant at No. 718 and appellee at No. 954.

*James Garrett*, Assistant District Attorney, with him *Mark Sendrow* and *Steven H. Goldblatt*, Assistant District Attorneys, *Abraham J. Gafni*, Deputy District Attorney, and *F. Emmett Fitzpatrick*, District Attorney, for Commonwealth, appellant at No. 954 and appellee at No. 718.

OPINION BY HOFFMAN, J., March 29, 1976:

The instant case is a consolidation of two appeals. In No. 718, October Term, 1975, certified to this Court pursuant to the Appellate Court Jurisdiction Act,[1] the appellant, defendant in the court below, ("appellant" herein), contends that Rule 1100[2] requires dismissal of the charges against him. In No. 954, October Term, 1975, the Commonwealth challenges the lower court's decision to quash the indictments against the appellant.[3] The

---

1. Act of July 31, 1970, P.L. 673, No. 223, Art. V, §501; 17 P.S. §211.501.

2. Pa.R.Crim.P., 19 P.S. Appendix.

3. This anomolous situation has arisen due to the practice in Philadelphia of referring all Rule 1100 claims to Judge GREENBERG while other pretrial matters are handled in the normal course of litigation. In the instant case, after the appeal from the denial of appellant's Rule 1100 motion was allowed, Judge PORTER granted appellant's motion to quash. The District Attorney notes in its brief the following procedural problem: "It should be noted that an issue would seem to exist in this case whether Judge PORTER improperly reconsidered his original order, and quashed the indictments on February 24, 1975, because [appellant] had already lodged his interlocutory

court found that appellant did not receive timely notice of the presentment of the bills of indictment to the grand jury. Due to our disposition of appellant's Rule 1100 claim, we do not decide appeal No. 954.

Although the factual and procedural history is tortuous, the relevant facts are undisputed. On December 20, 1973, the Philadelphia Special Investigating Grand Jury returned a presentment in which it recommended that appellant be prosecuted for various acts of official misconduct concerning his duties as a cigarette tax agent for the Commonwealth. On the next day, the Philadelphia District Attorney mailed notice to appellant "that bills of indictment in which you are named as a defendant ... will be presented to the December 1973 Grand Jury no sooner than ten (10) days from tomorrow ...." He was indicted on January 3, 1974.[4]

Appellant received notice on December 28, or December 30,[5] but did not retain counsel until May 28, 1974. On January 5, 1974, Judge TAKIFF, who had presided over the grand jury, ordered all evidence of those proceedings impounded.

---

appeal from Judge GREENBERG'S order of December 2, 1974. This divested Judge PORTER of his jurisdiction over the case...." The point, however, is only a matter of academic interest because of our disposition of appellant's Rule 1100 claim.

4. The following are the indictment numbers and charges against the appellant: CP-7312-2126, Miscellaneous Frauds; 2127 Malfeasance, Misfeasance, Nonfeasance; 2128 Perjury; 2129 False Swearing; 2136 Perjury; 2137 Perjury; 2138 False Swearing; 2139 False Swearing; 2140 Miscellaneous Frauds; 2161 Burglary, Larceny, Receiving Stolen Goods; 2162 Fraudulent Conversion; 2163 Conspiracy; 2164 Malfeasance, Misfeasance, Nonfeasance; 2209 Perjury; 2210 False Swearing.

5. The Post Office return receipt shows December 28, as the date that the letter was received. It was signed with appellant's name. Judge PORTER, however, believed appellant's testimony that his brother signed for the letter and that he did not receive it until December 30.

On March 12, Judge BLAKE held a pretrial conference to determine the scope of discovery to be allowed appellant's co-defendants. The matter was deferred until March 20, when Judge BLAKE directed that the Commonwealth provide the requested material on or before April 15. At a conference held on April 15, Judge BLAKE entered a formal order requiring the Commonwealth to permit discovery of extensive material — pretrial transcripts of the grand jury testimony of the defendants and witnesses against them, copies of any documents to be introduced by the Commonwealth at trial, and documents relating to any grants of immunity to prospective witnesses.

At some point after his order of April 15, 1974, Judge BLAKE became aware of Judge TAKIFF's conflicting order entered on January 5. He, therefore, rescinded his order and directed the parties to resolve the issue with Judge TAKIFF.

The matter was finally resolved on July 3, 1974, when Judge TAKIFF modified his original order and granted the defendants limited access to the transcripts of their own testimony. Thus, a period of delay of seventy-nine days resulted from the two conflicting orders.

Thereafter, the case was scheduled for trial. The trial court, however, recused itself on October 1, 1974, because it knew one of the co-defendants. The case was assigned to another trial court, and a conference was held on October 15, already beyond the allowable 270 days which had elapsed on September 30, 1974. A December 2 trial date was set at that time.[6] Shortly after the conference, however, counsel for appellant filed motions to dismiss the charges. Judge GREENBERG denied appellant's Rule

---

6. We recognize that had appellant agreed prior to the end of the 270 day period to a trial date beyond the 270 day limit his objection to the Rule 1100 claim would have been waived. *Commonwealth v. Hickson*, 235 Pa. Superior Ct. 496, 344 A. 2d 617 (1975).

1100 motion. Judge PORTER initially denied appellant's motion to quash based on his failure to receive adequate notice of the grand jury presentment; after Judge GREENBERG certified the case to this Court and upon reconsideration, however, he granted the motion. On January 25, 1975, appellant filed a petition for allowance of appeal. The petition was granted and this appeal followed. The Commonwealth also appealed Judge PORTER's order and, on July 25, 1975, the two appeals were consolidated.

The issue to be decided is whether the seventy-nine day delay caused by the conflicting orders is chargeable to the appellant, thereby extending the time in which he could be brought to trial.

Rule 1100 was promulgated by our Supreme Court in response to unwieldy backlogs in our court system: "A review of the records [of the Philadelphia courts] for the first six months of 1972 shows an increase in the backlog of the criminal calendar of one thousand, seventy (1,070) cases. These figures are even more alarming in view of the appointment of 25 additional Common Pleas judges for this county in December 1971. The situation is further compounded because the case flow does not suggest that there is an effective effort to dispose of the earliest indictments first. An analysis of the open criminal cases during the July term 1972 indicated one thousand, one hundred and twenty-five (1,125) cases where the indictments were earlier than January 1972." *Commonwealth v. Hamilton*, 449 Pa. 297, 307, 297 A. 2d 127, 132 (1972). The Court rejected the balancing test employed by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972), and adopted Rule 1100, setting forth strict requirements to insure a defendant's right to a speedy trial.

Rule 1100(a)(1) provides that "[t]rial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270)

days from the date on which the complaint is filed." Failure of the Commonwealth to comply with the requirement of 1100(a)(1) results in dismissal of the charges with prejudice upon motion of the defendant. See Rule 1100(f). The rule contemplates narrow situations in which the Commonwealth cannot comply with the time limits of 1100(a) and (b): "(c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial .... *Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth.*" (Emphasis added).

Thus, the express language of the rule appears to control the instant case. The Commonwealth failed to make application for an extension until December 5, well beyond the 270 day period and three days after the lower court denied appellant's Rule 1100 motion. Had the Commonwealth made a timely application, it could have argued that it was prevented from bringing appellant to trial within 270 days because of the confusion created by conflicting judicial orders.[7]

The Commonwealth contends, however, that the contested seventy-nine day period should be charged against the appellant "because delay was caused by the [appellant's] request for discovery involving conflicting court orders...." There are two pitfalls in the Commonwealth's reasoning: (1) Rule 1100 does not exempt pretrial motions (other than a motion for a continuance) from the relevant time period. Thus, a request for discovery does not toll the allotted time period under the rule; (2) the appellant's co-defendants made a reasonable request for discovery. The resulting confusion was brought about by the court. The rule does not charge a

---

7. We do not decide whether, had the Commonwealth made a timely application for an extension, the grounds asserted would have been sufficient to delay the proceedings.

defendant with the obligation to advance his own trial date. Cf., Pennsylvania's former "two-term" rule, Act of March 31, 1860, P.L. 427, §54; December 1, 1959, P.L. 1671, §1; 19 P.S. §781. The rule, however, does provide that in such instances, the *Commonwealth* must make a timely application for an extension of time to prevent dismissal of the Commonwealth's case. The instant case is controlled by the Supreme Court's holding in *Commonwealth v. Woods*, 461 Pa. 255, 257-258, 336 A. 2d 273, 274 (1975): "It is apparent that ... the Commonwealth's petition for an extension of time ... was [not] within the time limits prescribed by Rule 1100. In our view, this is dispositive. The time limits set forth in the rule are definite; there is no provision for the granting of any extension applications nunc pro tunc." See also, *Commonwealth v. Cutillo*, 235 Pa. Superior Ct. 131, 339 A.2d 123 (1975).

The Commonwealth also contends that because the appellant failed to retain counsel until May 28, 1974, the time between arraignment, February 6, 1974, and May 28, 1974, when counsel filed a notice of appearance, should be charged against the appellant. Thus, the Commonwealth argues that Rule 1100(d)(1) should operate to exclude that period of time from the 270 days: "In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:

"(1) the unavailability of the defendant or his attorney." The Commonwealth's position is eroded, however, by one critical fact: that appellant's co-defendants were indicted at the same time as appellant was and that all of the cases moved through the system at the same speed, despite appellant's attorney's tardy entry into the case. All of the Eleventh Presentment cases including appellant's were assigned for trial on the same date. Thus, failure to retain counsel did not result in a delay of the proceedings against the appellant.

Therefore, the order of the lower court in appeal

number 718 is reversed and the appellant is discharged. Because appellant is thereby discharged, we do not reach the merits of appeal number 954, and it is therefore quashed.

SPAETH, J., concurs in the result.

VAN DER VOORT, J., dissents.