378 A.2d 906

**COMMONWEALTH of Pennsylvania**

v.

**Howard WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted June 28, 1976.

Decided Oct. 6, 1977.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Public Defender, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

CERCONE, Judge:

Following a jury trial, appellant was found guilty of robbery and criminal conspiracy. Appellant appeals from his consecutive judgments of sentence fixing the term of imprisonment at not less than twelve and a half nor more than twenty-five years in a state correctional institution. Appellant contends, inter alia, that the judgments of sentence should be reversed and the charges against him dismissed because of the Commonwealth's noncompliance with Pa.R.Crim.P. 1100. For the reasons stated hereinafter, we agree.

The facts necessary for the resolution of the Rule 1100 issue are as follows: A written complaint was filed against appellant, Howard Williams, on September 27, 1974. According to the time limits for trial set forth in Pa.R.Crim.P. 1100(a)(2), appellant's trial should have commenced "no later than one hundred eighty days from the date on which the complaint is filed," that is on or before March 26, 1975. On November 14, 1974, the lower court ordered the hearing on appellant's pre-trial motion to suppress evidence to be reserved for time of trial. On March 20, 1975, six days before the running of Rule 1100, the lower court ordered the parties to proceed with the hearing on appellant's pre-trial motion. The hearing ended at 3:40 P.M. because appellant's counsel was scheduled for a post trial hearing before another judge. However, it is also apparent from the record that even if defense counsel had been available for the remainder of the court day, the suppression hearing could not have been completed because the Commonwealth presented seven additional witnesses when the hearing was resumed. Moreover, both the court and the prosecutor indicated that the following day, March 21, was inconvenient for them, and appellant's counsel noted his objection to a lengthy continuance. The hearing was continued to April 18, 1975. Due to the

fact that defense counsel was unavailable on April 18, the case was continued again to May 29, 1975.[1] Once again the completion of the hearing on appellant's motion to suppress was continued, due to the unavailability of a prosecution witness. Finally on June 9, 1975 further testimony was taken. The hearing was completed on June 10, 1975 and the lower court denied appellant's motion on June 13, 1975. At the conclusion of the hearing on June 10, the district attorney and appellant's counsel agreed that appellant would waive Rule 1100 from the day that the testimony on the motion was concluded until two days after appellant's counsel received the notes of testimony from the stenographer.[2] The trial was then listed on "backup status" until August 5, 1975 at which time the case was continued to August 13, 1975 as no courtroom was available. On August 13, the case was continued once again and trial began on August 27, 1975. Appellant had filed his motion to dismiss the charges pursuant to Pa.R.Crim.P. 1100(f) on April 16, 1975, and his motion to dismiss was heard and denied on August 27, 1975. At no time did the Commonwealth petition the court for an extension of time under Pa.R.Crim.P. 1100(c).

Since the actual trial began on August 27, 1975, 334 days had passed between trial and the filing of the complaint. Appellant concedes that the forty-one day period from April 18, 1975 to May 29, 1975 was caused by the unavailability of appellant's counsel. Appellant further concedes that the period between June 10, 1975 and July 23, 1975 was specifically waived by appellant. Therefore, this forty-three day period when added to the earlier forty-one day period

1. We need not decide whether the entire period from April 18, 1975 to May 29, 1975 should be automatically excluded from the running of the Rule pursuant to Pa.R.Crim.P. 1100(d)(1) because of the unavailability of appellant's counsel. For the purposes of this appeal, appellant has admitted that the entire forty-one day period is excluded.

2. Appellant admits that this period from June 10, 1975 to July 23, 1975 is excluded from the running of the one hundred eighty days; however, both sides agree that the waiver from June 10 to July 23 was without prejudice to any rights under Rule 1100 which may have arisen before or after this waiver period.

amounts to a total of eighty-four days that are excluded from the running of the Rule. Subtracting eighty-four days from the total period of 334 days, 250 days had expired between the filing of the complaint and actual trial.

The decisive question on this appeal is whether, as the Commonwealth contends, trial commenced on March 20, 1975, with the hearing on appellant's motion to suppress. Since we conclude that trial did not commence for the purposes of Rule 1100 on that date, the judgment of sentence must be reversed and appellant discharged.

Rule 1100(b) provides: "For the purpose of this Rule, trial shall be deemed to commence on the date the trial judge calls the case to trial." Although the rule does not define "calling the case to trial," the explanatory comment to Rule 1100 provides, in pertinent part:

"It is not intended that preliminary calendar calls should constitute commencement of a trial. A trial commences when the trial judge determines that the parties are present and directs them to proceed to voir dire, or to opening argument, or *to the hearing of any motions which had been reserved for the time of trial,* or to the taking of testimony or to some other such first step in the trial." [Emphasis added.]

Admittedly the comment to Rule 1100 is not part of the Rule and has not been officially adopted by our Supreme Court, nevertheless it has been used in resolving questions of interpretation under Rule 1100. See, *Commonwealth v. Lamonna,* 473 Pa. 248, 260, 373 A.2d 1355, 1361 (1977); *Commonwealth v. Wharton,* 250 Pa.Super. 25, 378 A.2d 434 (1977). This explanatory comment points out for Rule 1100 purposes that, while preliminary calendar calls do not constitute calling the case to trial, some procedures which are usually the first step in the trial process do constitute commencement of a trial. One of those procedures specifically referred to is "the hearing of any motions which had been reserved for the time of trial." However, the comment also notes that trial shall be deemed to commence when the trial judge directs the parties to proceed "to some other such first step in the

trial." Therefore, it was not intended that the comment be interpreted so that trial is deemed to commence before a substantial step in the trial process had begun. *Commonwealth v. Lamonna,* supra. As Mr. Chief Justice Eagen noted in his concurring opinion in *Lamonna* :

> "Moreover, each of the events specifically referred to in the foregoing portion of the comment represents a degree of commitment of the court's time and resources such that the process of determining the defendant's guilt or innocence follows directly therefrom."

In the typical situation, the commencement of a hearing on a defendant's pre-trial motion which had been reserved for the time of trial would constitute commencement of trial within the meaning of Rule 1100. Under the facts of the case at bar, however, we find that the commencement of the hearing on appellant's motion did not constitute a substantial commitment of the court's time and resources which would lead directly to the determination of guilt or innocence. Of the eighty-day delay between the commencement and completion of the suppression hearing, appellant concedes the maximum number of days, forty-one, as attributable to his counsel's unavailability. Therefore, thirty-nine days were not attributable to delay as resulting from the unavailability of the appellant or his attorney. Finally, after the completion of the suppression hearing appellant waived Rule 1100 for the period between June 10 and July 23, but actual trial did not commence until August 27, 1975. The Commonwealth does not argue that this thirty-five day delay is attributed to either appellant or his attorney. It is apparent, then, that there was no substantial commitment of the time and resources of the lower court toward a prompt determination of appellant's guilt or innocence to justify our finding that trial commenced, for the purposes of Rule 1100, with the hearing on March 20, 1975. Compare, *Commonwealth v. Wharton,* 250 Pa.Super. 25, 378 A.2d 434 (1977). In the absence of a Commonwealth petition for extension of time based on due diligence, we cannot ignore this protracted delay and accept March 20, 1975 as the first step in the

trial process. To do so would be to interpret the commencement of trial far beyond the time intended by Rule 1100.

Since trial did not commence with the hearing on appellant's motion to suppress and since the Commonwealth did not, at any time, request a continuance pursuant to Pa.R. Crim.P. 1100(c) [3] we hold that appellant was not tried within the period mandated by Pa.R.Crim.P. 1100(a)(2).

Judgment is, therefore, reversed and appellant is ordered discharged.

**3.** Once again we find it important to note that in light of our Supreme Court's decision in *Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976) delay attributable to the judiciary as opposed to delay attributable to prosecutorial officers may justify the granting of an application for an extension of time in which to bring an accused to trial. However, since no extension was applied for in this case we need not decide whether or not the Commonwealth exercised due diligence in bringing appellant to trial.