378 A.2d 461

COMMONWEALTH of Pennsylvania

v.

**James R. BOWERS, Appellant.**

Superior Court of Pennsylvania.

Argued March 15, 1976.

Decided Oct. 6, 1977.

Robert A. Naragon, Doylestown, for appellant.

Peter F. Schenck, Assistant District Attorney, with him Stephen B. Harris, First Assistant District Attorney, and Kenneth G. Biehn, District Attorney, Doylestown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

The appellant contends, *inter alia*,[1] that he was denied his right to a speedy trial under Pa.R.Crim.P. 1100(a)(2).[2] We agree, and therefore, reverse the judgment of sentence and discharge the appellant.

The record shows that a criminal complaint was lodged against the appellant on September 25, 1974. The Commonwealth thus had until March 24, 1975, to bring the appellant to trial. After he was indicted and arraigned, the appellant,

[1]. The appellant also contends that certain incriminating evidence should have been suppressed because it was improperly obtained. Since we find that the appellant is entitled to be discharged, we need not review the merits of this issue.

[2]. Pa.R.Crim.P. 1100(a)(2) provides that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

on January 23, 1975, filed a motion to suppress evidence. The case was listed for trial on February 5, 1975, and on February 6, 1975, the court below conducted a hearing on the appellant's motion to suppress. After the hearing, the court below deliberated on the matter until March 25, 1975, when it denied the appellant's motion to suppress. On April 21, 1975, the appellant filed a petition to dismiss the charges against him predicated upon a violation of his Rule 1100 right to a speedy trial. The lower court denied this petition, and trial commenced on April 30, 1975.

■ All periods of delay beyond the prescribed period " ' . . . must be either excluded from the computation [of the period, Pa.R.Crim.P. 1100(d)] or justified by an order granting an extension pursuant to the terms of the rule [Pa.R.Crim.P. 1100(c)] if the Commonwealth is to prevail.' " *Commonwealth v. Shelton*, 469 Pa. 8, 14–15, 364 A.2d 694, 697 (1976), *quoting Commonwealth v. O'Shea*, 465 Pa. 491, 496, 350 A.2d 872, 874 (1976). The Commonwealth did not file a petition to extend in the instant case. *See* Pa.R. Crim.P. 1100(c). In denying the appellant's petition to dismiss, the lower court excluded from its computation of the mandatory period the forty-seven days between February 6, 1975, and March 25, 1975. The lower court erred by so doing. Pa.R.Crim.P. 1100(d) provides that periods of delay may be excluded from the computation of the prescribed time only if such periods of delay are caused by: "(1) the unavailability of the defendant or his attorney; (2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded." On several occasions, this court has held that time consumed by the lower court in determining pre-trial motions is not excludable under Rule 1100(d). *Commonwealth v. Shelton*, 239 Pa.Super. 195, 361 A.2d 873 (1976), *aff'd*, 469 Pa. 8, 364 A.2d 694 (1976); *Commonwealth v. Millhouse*, 239 Pa.Super. 445, 362 A.2d 398 (1976), *rev'd on other grounds*, 470 Pa. 512, 368 A.2d 1273 (1977).

■ The Commonwealth, citing the Comment to Rule 1100, also contends that trial commenced on February 6,

1975, when the suppression hearing began. The Comment to Rule 1100 provides that: "It is not intended that preliminary calendar calls should constitute commencement of a trial. A trial commences when the trial judge determines that the parties are present and directs them to proceed to voir dire, or to opening argument, or the hearing of any motions which had been reserved for the time of trial." The record simply does not support the Commonwealth's contention that the hearing on the appellant's suppression motion had been reserved for the time of trial. There is no order so indicating. Moreover, a review of the notes of testimony of the suppression hearing reveals that on February 6, 1975, the assistant District Attorney informed the court below specifically that: "Before the court at this time is a Motion to Suppress certain evidence and statements." There must be some showing on the record that a hearing on a pre-trial motion had been reserved for the time of trial before this court can conclude that trial had commenced for the purpose of computing the mandatory period of Rule 1100. See *Commonwealth v. Evans*, 249 Pa.Super. 142, 375 A.2d 799 (1977).

The judgment of sentence is reversed, and the appellant is discharged.

WATKINS, President Judge, and VAN der VOORT, J., dissent.