378 A.2d 387

**COMMONWEALTH of Pennsylvania**

v.

**Larry WALBURN, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided Oct. 6, 1977.

462

Michael J. Irey, Berwick, for appellant.

Gailey C. Keller, District Attorney, Bloomsburg, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

■ Appellant contends that he made an unknowing guilty plea because counsel failed to advise him that he had a meritorious Rule 1100 [1] claim which would be vindicated on appeal. More specifically, he argues that his Rule 1100 claim was clearly meritorious and that counsel was ineffective in advising appellant to plead guilty. We affirm, however, because at the time appellant entered his pleas of guilty, appellant's substantive Rule 1100 claim was not clearly meritorious.[2]

1. Rule 1100, Pa.R.Crim.P.; 19 P.S. Appendix.

2. Appellant also contends that he is entitled to a trial because the plea colloquy was inadequate in two respects: (1) The terms of the plea bargain did not appear of record, Rule 319, Pa.R.Crim.P., 19 P.S. Appendix; (2) the record did not include an explanation of the presumption of innocence. See *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974). Initially, although the better practice is to place the terms of the bargain on the record, our Supreme Court has never held that failure to do so leads to a prophylactic grant of a new

■ On March 3, 1975, appellant filed a Rule 1100 motion. On March 11, the lower court denied the motion because "[t]he Court feels that we had several complicated questions which were presented and included in the petition to suppress, and the Court believes that substantial justice would not be served by acting upon the issues presented in the petition to suppress without deliberation and research. . ." Trial commenced on the same day. During trial, appellant and his attorney began discussions with the district attorney concerning the possibility of a plea bargain. Apparently, appellant believed that he would be sentenced to as much as 15 years if he were found guilty, and his attorney hoped to bargain for a term of 2 to 4 years' imprisonment. After appellant changed his plea, the lower court sentenced him to a term of imprisonment of three to seven years for possession of a controlled substance with intent to manufacture or deliver. The lower court conducted an extensive colloquy.

Appellant then filed a petition pursuant to the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, § 1 et seq.; 19 P.S. § 1180–1 et seq. New counsel was appointed to represent appellant at his September 16, 1975 hearing. The lower court denied the petition on April 6, 1976. This appeal followed.[3]

trial. See *Commonwealth v. McNeil,* 453 Pa. 102, 305 A.2d 51 (1973); see also, *Commonwealth v. Alvarado,* 442 Pa. 516, 276 A.2d 526 (1971); *Gafni & Shellenberger,* Guilty Plea Colloquy in Pennsylvania, 48 Pa.B.Q. 259 (1977). A review of the colloquy and record of the PCHA hearing makes amply clear that the court, counsel and appellant were aware of the terms of the bargain.

We also reject appellant's second contention. During the PCHA hearing, appellant conceded that he heard the judge explain the presumption of innocence to the jury before trial was terminated by appellant's guilty plea. In addition, he admitted that he understood what the presumption meant. Although compliance with Rule 319 should be strictly enforced, its application is not intended to protect one who admits, in effect, that his plea was knowingly and intelligently made.

**3.** Although appellant filed no direct appeal, he alleged in his PCHA petition that he was denied his right to appeal. During the hearing, appellant entered his correspondence with his attorney that indicates that appellant instructed his attorney to appeal and that counsel declined to do so. The lower court addressed the underlying claims, apparently because it found that the failure to take a direct appeal

Appellant would have us reverse because trial counsel testified at the PCHA hearing that appellant had asked him to file an appeal based on the Commonwealth's failure to try appellant within 180 days, but that counsel had felt that an appeal based on the 180 day rule would be unsuccessful because of *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974). No other explanation was given by trial counsel for his failure to pursue the Rule 1100 issue. See *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). Appellant further concludes that counsel's explanation was inadequate. The linchpin of the argument is that the Rule 1100 violation was obviously meritorious and, therefore, counsel had no excuse not to pursue the motion.

However, appellant's plea was made on March 11, 1975. At that time, Pennsylvania appellate courts had not yet decided whether time consumed by pretrial litigation could be automatically excluded pursuant to Rule 1100(d). We did not decide that issue until March 29, 1976. *Commonwealth v. Millhouse*, 239 Pa.Super. 445, 362 A.2d 398 (1976), rev'd on other grounds, 470 Pa. 512, 368 A.2d 1273 (1977). Therefore, when appellant entered his plea, the alternatives confronting appellant and counsel were these: to chance a trial verdict and a severe sentence and take a chance that this Court would reverse the judgment of sentence on a question of first impression or to take a lesser sentence and forego the uncertain route of appellate litigation. Appellant concedes that he and his counsel discussed the existing alternatives he now asserts that the advice was bad. We cannot conclude that the course chosen by counsel was unreasonable in light of the uncertainty of the law in 1975. To hold otherwise would require the use of 20–20 hindsight in order to conclude that the Rule 1100 claim was meritorious. That subsequent analysis may prove trial counsel wrong in his judgment has been consistently disavowed as a standard of appellate review. *Commonwealth v. Moore*, 466 Pa. 510, 353 A.2d 808 (1976); *Commonwealth v. Thomas*, 465 Pa. 442, 350

did not constitute a waiver. See *Commonwealth v. Singleton*, 248 Pa.Super. 46, 374 A.2d 1309 (1977). Thus, this appeal is properly before us.

A.2d 847 (1976); *Commonwealth v. Dennis*, 451 Pa. 340, 304 A.2d 111 (1973); *Commonwealth v. Gambrell*, 450 Pa. 290, 301 A.2d 596 (1973).

We affirm the order of the lower court.

SPAETH, J. concurs in the result.

VAN der VOORT, J., files a dissenting opinion in which CERCONE, J., joins.

VAN der VOORT, Judge, dissenting:

On August 13 and 15, 1974, complaints were filed against appellant Larry Walburn, charging him with various narcotics violations, with unsworn falsification, and with violations of the Uniform Firearms Act. On March 3, 1975 (more than 180 days after filing of the complaints) appellant filed a petition with the lower court to dismiss the indictment under Rule 1100 of the Pennsylvania Rules of Criminal Procedure. This petition was denied by the lower court on March 11, 1975,[1] and appellant's case proceeded to trial the same day. After three witnesses testified, appellant, on the advice of counsel pursuant to plea bargaining, changed his plea to guilty. Appellant was then sentenced to a term of three to

---

1. Reasons for denying appellant's petition for dismissal were stated by the trial judge on the record before the commencement of trial on March 11, 1975:

"It should be noted that the petition to suppress was filed on November 21, 1974, and that the hearing thereon was scheduled for November 27, 1974, the latter date being a Wednesday, and the following day was Thursday, November 28, 1974, which was Thanksgiving. The next regularly scheduled term of Court was to begin Monday, December 2, 1974, and the next regularly scheduled term of criminal court following the December 2, 1974 term is the present term of criminal court beginning on March 3, 1975, in which term of Court this case is set for trial.

"The Court feels that we had several complicated questions which were presented and included in the petition to suppress, and the Court believes that substantial justice would not be served by acting upon the issues presented in the petition to suppress without deliberation and research. Further, it should be noted, as has been indicated, this is only a thirty day period beyond the so-called 180 day rule, and we conclude that the defendant has not been prejudiced in any way regarding the small delay which has been occasioned, and therefore, the petition is denied. Exception noted."

seven years imprisonment for possession of a controlled substance with intent to manufacture or deliver, and to lesser terms (running concurrently) on the other offenses. No direct appeal was taken, and no attempt was made to withdraw the guilty plea, although appellant specifically requested, by letter dated March 19, 1975, that his attorney take some further action on the Rule 1100 issue. By letters dated March 24, 1975, and May 9, 1975, appellant's trial counsel informed appellant that no grounds existed for an appeal, and that counsel would not file "a useless and ridiculous appeal." After obtaining new counsel, appellant filed a petition under the Post Conviction Hearing Act, challenging the validity of his guilty plea and raising the issue of ineffective assistance of counsel.[2] A hearing was held on the petition on September 16, 1975, and relief was denied by Order dated April 6, 1976. Appeal was taken to our Court from the Order of April 6, 1976. In this appeal, one of appellant's arguments is that the conduct of his trial counsel in advising him to plead guilty and in failing to pursue the Rule 1100 issue constituted a denial of his constitutional right to representation by competent counsel. I agree.

At the PCHA hearing of September 16, 1975, appellant's trial counsel testified that appellant had asked him to file an appeal based on the Commonwealth's failure to try appellant within 180 days, but that counsel had felt that an appeal based on the 180 day rule would be unsuccessful because of the Ingram case.[3] *No other explanation was given by trial counsel for his advice that appellant plead guilty or for his failure to pursue the Rule 1100 issue.* In the Opinion and Order of Court filed after this hearing, the hearing judge simply stated that appellant's guilty plea "negated Rule 1100's basis for an appeal" and concluded that trial counsel had a reasonable basis for his actions. Rule 1100 clearly

2. Since appellant has adequately coupled his incompetency of counsel allegation with a challenge to the validity of the guilty plea, the issue is properly framed for our consideration. *Commonwealth v. Bunch*, 466 Pa. 22, 28, n. 6, 351 A.2d 284, 286–87, n. 6 (1976).

3. *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974).

states that trial must commence within 180 days of the date the complaint is filed, and the rule clearly indicates that the effect of the Commonwealth's failure to try a person within the prescribed period is the dismissal of the charges and the discharge of the defendant. No continuations or extensions of time were requested or granted in the case before us, and appellant clearly should have been brought to trial before March 11, 1975. Counsel had an opportunity at the PCHA hearing to explain his actions, but failed to adequately do so. Trial counsel's advice that appellant plead guilty, and counsel's failure to pursue the Rule 1100 issue, did not have any discernable strategic basis which might conceivably have furthered his client's interests, *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967), and I must conclude that appellant was not effectively represented by counsel.[4]

I would reverse and discharge appellant.[5]

CERCONE, J., joins in this dissenting opinion.

4. Because of this finding, it is not necessary for us to examine the other issues raised by appellant.

5. Since the lower court has already had an opportunity to consider this matter, it would be pointless for us to remand for an evidentiary hearing.