396 A.2d 690

**COMMONWEALTH of Pennsylvania**

**v.**

**Vincent JACKSON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 29, 1978.

Decided Dec. 29, 1978.

152

Daniel M. Preminger, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

JACOBS, President Judge:

Appellant Vincent Jackson was convicted by a jury of three counts of indecent assault, three counts of involuntary deviate sexual intercourse, and two counts of rape. Follow-

ing his conviction, appellant filed post verdict motions which were denied by the lower court. Appellant then was sentenced on the various charges. He appeals to this Court from the denial of his post verdict motions. He argues on appeal, as he did below, that his trial counsel was ineffective in failing (1) to file a motion to dismiss the charges against him pursuant to Pa.R.Crim.P. 1100, (2) to take positive defense steps concerning potential witnesses, and (3) to object to improper closing arguments made by the District Attorney.[1] We have examined the briefs and the record in this case and have found appellant's second and third arguments to be meritless. He is not, therefore, entitled to a new trial. We are compelled to remand the case for further proceedings concerning the Rule 1100 issue.

In determining whether appellant was denied the effective assistance of counsel, we must make an independent review of the record.

> [O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis. [Footnote omitted.]

*Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604–05, 235 A.2d 349, 352–53 (1967). In applying the standards set forth in *Commonwealth ex rel. Washington v. Maroney*, we first must determine whether the claim which the attorney is charged with not pursuing was arguably meritorious. *Commonwealth v. Hubbard*, 472 Pa. 259, 277–78, 372 A.2d 687, 695–96 (1977). If appellant's Rule 1100 issue is meritorious he must be discharged because "we can perceive no reasonable legal basis for an attorney to fail to

---

1. Appellant was represented by counsel other than trial counsel at the post verdict motion stage of these proceedings.

object to a violation of his client's right to speedy trial under Pa.R.Crim.P. 1100." *Commonwealth v. Byrd*, 250 Pa.Super. 250, 256, 378 A.2d 921, 924 (1977).

Our independent review of the record reveals the following: On December 10, 1974, appellant was charged with 18 different counts of rape, indecent assault, involuntary deviate sexual intercourse, unlawful restraint, corruption of minors, and criminal conspiracy. Pursuant to Pa.R.Crim.P. 1100(a)(2), the Commonwealth had 180 days or until June 9, 1975 to bring appellant to trial.[2] The case was listed for January 21, 1975 but, for some reason not shown on the record, was continued until February 18, 1975. On February 18, 1975, the case was again continued, without a reason being shown on the record, until March 26, 1975. On March 21, 1975, the record indicates that no courtroom was available and the case was continued until May 5, 1975. By request of the defense on April 30, 1975 another continuance was granted until May 27, 1975. The record indicates that on May 27, 1975 both sides "answered ready" but no action occurred. On June 2, 1975, a hearing on appellant's suppression motion was to begin, but was cancelled because neither a judge nor a room was available. The case was then continued until June 9. The record indicates that both sides "answered ready" on June 9, 1975. The record shows no further action until June 16, although both appellant and the Commonwealth state in their briefs that the evidentiary hearing began on June 10. On June 16, the motions were taken under advisement. They were denied the next day. On June 18 appellant's codefendants pleaded guilty to various charges stemming from the same incident concerning the charges against appellant. The case was continued from June 18, 1975 until July 8, 1975 to enable appellant's counsel to acquire the notes of testimony from the suppression hearing. On July 8, by agreement of appellant's attorney and the District Attorney, the case was continued until August 4. The case was not reached then or on August 7

---

**2.** June 8, 1975 was the 180th day from the date on which appellant was charged. That day, however, was a Sunday, so the Commonwealth had until June 9 to commence trial.

and on the latter date it was continued until September 15 because appellant's attorney was going on vacation. The case was called again on September 10, and on September 22, 286 days after appellant was charged, jury selection began. At no time did the Commonwealth move for an extension of time to bring appellant to trial. Pa.R.Crim.P. 1100(c).

The Commonwealth argues that Rule 1100 was not violated in this case because trial commenced with the hearing on appellant's suppression motion. We disagree.[3] While we are not bound by the comments to the Pennsylvania Rules of Criminal Procedure, we frequently have relied on the comment to Rule 1100 in determining when a trial commences. *See Commonwealth v. Lamonna,* 473 Pa. 248, 255, 373 A.2d 1355, 1358 (1977); *Commonwealth v. Taylor,* 254 Pa.Super. 211, 213–214, 385 A.2d 984, 985 (1978); *Commonwealth v. Williams,* 250 Pa.Super. 221, 224, 378 A.2d 906, 907 (1977). According to the comment,

> A trial commences when the trial judge determines that the parties are present and directs them to proceed to voir dire, or to opening argument, or *to the hearing of any motions which had been reserved for the time of trial,* or to the taking of testimony or to some other such first step in the trial. [Emphasis added.]

Two requirements are necessary for a hearing on a motion to constitute the commencement of trial for Rule 1100 purposes: (1) the accused must be adequately warned that the hearing has been reserved for the time of trial and (2) the hearing must actually lead into the guilt-determining process. *Commonwealth v. Dozier,* 258 Pa.Super. 367, 371–372, 392 A.2d 837, 840 (1978). The first requirement—notice—is lacking in this case. As we said in *Commonwealth v. Bowers,*

**3.** Because of our disposition of this issue, we need not decide if the suppression hearing began on June 2 or June 9, as argued by the Commonwealth, or on June 10 as agreed to in the briefs. We note, however, that the earliest existing notes of testimony for the suppression hearing are dated June 10, 1975.

There must be some showing on the record that a hearing on a pre-trial motion had been reserved for the time of trial before this court can conclude that trial had commenced for the purpose of computing the mandatory period of Rule 1100.

250 Pa.Super. 77, 80, 378 A.2d 461, 462 (1977).

There is no indication in the record in this case, prior to the beginning of the suppression motion, that a hearing on the motion had been reserved for the time of trial.[4] There is no court order directing such a reservation. No mention was made at the beginning of the suppression hearing that the motion had been reserved until the time of trial or that trial was then beginning. The only indication that the suppression hearing may have been intended to lead directly into the guilt-determining process occurred at the *conclusion* of the suppression hearing when the court said, "the motions to suppress . . . are denied entirely. All parties *to proceed to trial forthwith.* [Emphasis added.]" N.T.S.H. 405 (June 17, 1975). When appellant's counsel requested a continuance so the notes of testimony of the suppression hearing could be transcribed the court replied, "As we all know, the motions to suppress took over a week and it would take quite some time to transcribe the Notes, which would mean delaying the trial." N.T.S.H. 407 (June 17, 1975). Even these comments are ambiguous and can be read to mean either that trial was to commence as soon as the suppression hearing ended *or* now that the suppression hearing had ended, trial would commence. Because the necessary notice on the record is lacking, we conclude that a hearing on the motion was not preserved for the time of

4. The Commonwealth argues that the notation "Case was assigned to R 232 for trial & motions on 5/27" found under the date of June 2, 1975 is sufficient to evidence the reservation of the motions until the time of trial. We do not believe that such a notation was adequate to advise appellant here that his suppression motion would signal the commencement of his trial. We further note that on June 18, 1975, the record indicates "Case returned to R 625 for re-assignment *Trial to commence* upon Def atty's receipt of notes of testimony. [Emphasis added.]" By the terms of the record, then, trial was not set to commence until at least July 8, 1975.

trial and that trial did not commence with the suppression hearing.[5]

We now must determine whether appellant's right to speedy trial was violated. Trial, here, began 286 days after charges were filed against appellant. Since the Commonwealth did not seek an extension of time in which to try him, trial was held in a timely manner only if 105 days can be excluded from the 286 day period.[6] By the terms of Rule 1100, there shall be excluded such period of delay resulting

5. The Commonwealth argues that we should not find counsel ineffective for failing to move for appellant's discharge pursuant to Rule 1100 because in 1975 it was reasonable for counsel to believe that "commencement of motions reserved for trial would toll the running of the Rule." Appellee's brief at 16. The Commonwealth's argument is unsound. In 1975, as in 1978, the Comment to Rule 1100 stated that trial would be commenced upon the hearing of motions reserved for the time of trial. Counsel, therefore, should have been aware of the fact that he could have moved for discharge because the hearing was not reserved for trial. Many of our cases dealing with Rule 100 issues and commencement of trial, although decided after appellant's trial, related to charges brought at or about the same time charges were brought against appellant. *Cf. Commonwealth v. Dozier,* 258 Pa.Super. 367, 392 A.2d 837 (1978) (December 28, 1974); *Commonwealth v. Griffin,* 257 Pa.Super. 153, 390 A.2d 758 (1978) (November 21, 1974); *Commonwealth v. Williams,* 250 Pa.Super. 221, 378 A.2d 906 (1977) (September 27, 1974); *Commonwealth v. Bowers,* 250 Pa.Super. 77, 378 A.2d 461 (1977) (September 25, 1974). Finally, the Commonwealth's citation of *Commonwealth v. Walburn,* 249 Pa.Super. 460, 378 A.2d 387 (1977), is inapposite. In *Walburn,* the defendant pleaded guilty. This Court held that his counsel was not ineffective in failing to file a motion to discharge appellant because at the time of appellant's plea no Pennsylvania Court had determined whether time consumed by pretrial litigation could be automatically excluded pursuant to Rule 1100(d). Hence, Appellant Walburn had no option to exercise, and he chose to plead guilty pursuant to a plea bargain rather than face an uncertain fate after trial. Here, Appellant Jackson had an option—to move to discharge because he had not been timely tried and because the hearing on his motion to suppress had not been reserved until time of trial—but his counsel did not exercise it. Whether or not court decisions existed on that aspect of Rule 1100 in 1975 is immaterial. The comment was there at the time. Furthermore, appellant, here, did not fail to move to discharge in hopes of getting a better deal by pleading guilty. He was tried by a jury. He clearly would have lost nothing had a petition to discharge been filed on his behalf.

6. Although the difference between 180 and 286 days is 106 days, the Commonwealth here had 181 days to bring appellant to trial and, therefore, 105 days must be found to have been excludable.

from the unavailability of the defendant or defendant's counsel or any defense requested continuance in excess of 30 days, provided that only the period beyond the 30th day shall be excluded. Pa.R.Crim.P. 1100(d).

█ The record indicates six periods of time which are possibly excludable under Rule 1100:

1) January 21, 1975—February 18, 1975—no reason given (27 days)

2) February 18, 1975—March 26, 1975—no reason given (36 days)

3) April 30, 1975—May 27, 1975—by defense request (27 days)

4) June 18, 1975—July 8, 1975—to allow appellant's attorney time to acquire the notes of testimony from the suppression hearing (20 days)

5) July 8, 1975—August 4, 1975—by request of both attorneys (27 days)

6) August 7, 1975—September 15, 1975—appellant's attorney on vacation (39 days)

Period number 6 should be excluded from the 286 day period because it was caused by appellant's counsel's unavailability. Pa.R.Crim.P. 1100(d)(1). Period number four is not excludable because it was a defense continuance of fewer than thirty days. Pa.R.Crim.P. 1100(d)(2). Likewise, even if period number 5 were chargeable to appellant,[7] it would not be excludable because it lasted fewer than 30 days. Pa.R. Crim.P. 1100(d)(2). Excluding the 39 days of period six, then, we are left with a 247 day period and three other continuances.

In order to bring appellant's trial within the confines of Rule 1100, all three time periods must be excluded. There is no information on the record concerning time periods one and two. The cause of delay in period three is disputed. The official record lists the period between April 30 and May 27 as a defense continuance. If this is true, the period is not

7. We express no opinion concerning who must bear the burden of a period of delay caused by the mutual consent of both Commonwealth and defense attorneys.

excludable. Rule 1100(d)(2). At the evidentiary hearing held on appellant's post verdict motions, trial counsel testified that he asked for a continuance on April 30. He further stated, however, that the case was continued until May 5 and that on that date he was unavailable so the case was continued until May 27.[8] The lower court thereafter concluded that twenty-two of the twenty-seven days were lost because of trial counsel's unavailability. If counsel was unavailable, the twenty-two day period between May 5 and May 27 should be excluded. Pa.R.Crim.P. 1100(d)(1). The difficulty with this finding is that it contradicts the notation in the official record that the continuance between April 30 and May 27 was because of a "defense request" and not because counsel would be unavailable.[9] Furthermore, there is no entry in the record dated May 5, 1975.

█ . We conclude that trial commenced on September 22, 1975 and not at the time of the suppression hearing. We are unable to determine, however, whether appellant's Rule 1100 claim is meritorious and whether his trial counsel was ineffective in failing to pursue it. Therefore, we remand this case to the court below to determine the reasons for continuances granted on January 21, 1975, February 18, 1975, and April 30, 1975. If enough days from these time periods are found to be excludable, pursuant to Rule 1100(d), to result in appellant's being tried within 180 days of his being charged, trial counsel shall be held to have been effective and the sentence shall be reinstated. If, however, enough days are not to be excluded from the time period to bring this case within the 180 day period, appellant's trial counsel shall be found to have been ineffective for failing to move to discharge appellant and appellant shall now be discharged.

Sentence vacated and case remanded for proceedings consistent with this opinion.

8. Post verdict motions hearing, July 27, 1976, N.T. 10. We note that trial counsel could recall his specific actions on April 30 and May 5, but that he could not remember if these proceedings occurred in 1974 or 1975.

9. This is significant because the continuance granted on August 7, 1975 was specifically noted as due to counsel's upcoming vacation.

HESTER, J., files a dissenting statement.

HOFFMAN, J., did not participate in the consideration or decision of this case.

HESTER, Judge, dissenting:

I dissent.

I would affirm the judgment and sentence of the court below.