368 A.2d 762
**COMMONWEALTH of Pennsylvania**
v.
**Norman FISHER, a/k/a Clayton E. Morrison, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 16, 1975.

Decided Dec. 15, 1976.

362

John W. Packel, Asst. Public Defender, Philadelphia, for appellant.

Steven H. Goldblatt, Asst. Dist. Atty., Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

The appellant, Norman Fisher, a/k/a Clayton E. Morrison was arrested when stopped while driving a stolen rental car, on August 17, 1974. One of his two companions was found to have a gun in his possession at the time and two more guns were discovered in an attache

case in the vehicle. On that date, August 17, 1974, appellant was charged with theft, receiving stolen property, unauthorized use of an auto, violation of the Uniform Firearms Act, unlawful possession of firearms and conspiracy. Several days later, on August 26, 1974, as a result of continued investigation, appellant was charged with:

(1) Theft and receiving stolen property (identification cards and checks earlier stolen from a person named Hays and found in the stolen auto);

(2) Violation of the Uniform Firearms Act and possession of a counterfeit operator's license; and

(3) Theft and receiving stolen property (identification cards, found in the car, earlier stolen from a person named Fisher).

On August 27, 1974, appellant was afforded a preliminary hearing on the initial charges which had been lodged on August 17, 1974, the date of the arrest. Thereafter he was indicted on such charges at Nos. 553–558 September Term, 1974. On February 14, 1975, appellant was tried in the Municipal Court of Philadelphia on all charges which had been lodged on August 26, 1974. He was found guilty of receiving the stolen documents of Hays and guilty of violations of the Firearms Act and possession and use of a counterfeit driver's license. Thereafter he was sentenced.

On February 13, 1975, the 180th day following the filing of initial charges on August 17, 1974, the Commonwealth filed a motion for extension of time under Rule 1100(c) of the Pennsylvania Rules of Criminal Procedure. The lower court, after a hearing [1] on the matter,

1. Appellant, as discussed more fully later in this Opinion, claims that Rule 1100 was violated in this case. The lower court Opinion, authored by the trial judge, rather than the judge who passed upon the Commonwealth's motion for extension, states: "It should be noted that the defendant did not object to that extension and does not now claim that his rights were violated because of that extension." The district attorney also notes that appellant raised no objection to such extension request. There-

granted the Commonwealth's request for extension and set February 20, 1975 as the date for commencement of trial.

On February 20, 1975, the cause was called to trial and a pre-trial motion by appellant to suppress a statement was heard by the court. The hearing on such motion lasted two days and the court took the matter under advisement. On Febuary 25, 1975, the lower court denied the motion by an opinion and order. On February 27, 1975, appellant was tried by the lower court, without a jury, and on the same date found guilty of theft and unauthorized use of an auto.

The initial argument of appellant, as mentioned earlier in this Opinion, is a claim that rule 1100 was violated, in that trial took place later than 180 days after the complaint was filed on August 17, 1974. The record shows that on February 13, 1975, the 180th day, the Commonwealth's petition for an extension of time for the commencement of trial pursuant to rule 1100(c) was presented and filed. The available records show that the case had been listed for trial on January 7, 1975, but on that date and on two other dates up to February 13, 1975 (the 180th day and the date on which the Commonwealth

fore, the district attorney contends that the defendant must be deemed to have waived his right to raise the grant of such extension as an allegation of error on appeal. He relies upon *Commonwealth v. McNeal,* 456 Pa. 394, 319 A.2d 699 (1974) and cases cited therein to support his waiver argument. The appellant, however, claims that the extension was granted over "strenuous defense objection." Unfortunately, there is no transcript of the proceedings on the extension request to assist this Court in its review. Appellant, in written post-trial motions, alleges that "Defendant was tried after the 180 day time period prescribed by Pa.Rule Crim.Proc. (sic) § 1100 . . . ." In the circumstances of the instant case we will resolve this conflict in favor of the appellant and presume that the issue was adequately preserved for appeal by timely and proper objection at appropriate stages of proceedings before the lower court. However, we note our extreme displeasure that there is obviously some misrepresentation to this Court in the directly conflicting assertions of appellant and appellee concerning appellant's action in the lower court.

sought an extension) but the case was not reached on such occasions due to congested court dockets.

The appellant contends that ". . . lack of court room or other court congestion delays must be counted when computing the 180 day period." Our Supreme Court recently held the exact opposite to be our law. *Commonwealth v. Shelton*, 239 Pa.Super. 195, 361 A.2d 873 (filed October 8, 1976). The record in the instant case also clearly shows an exercise of all due diligence by the Commonwealth to proceed to timely prosecution. See *Commonwealth v. Wilson*, 245 Pa.Super. ——, 369 A.2d 471 (filed November 22, 1976). The first claim raised by appellant is clearly without merit.[2]

Next, appellant claims that the charges upon which he was tried in Common Pleas Court should have been dismissed as the prosecution of such alleged charges violated prohibitions against double jeopardy as enunciated in *Commonwealth v. Campana*, 452 Pa. 233, 304 A. 2d 432 (1973), reversed and remanded, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), on remand, 455 Pa. 622, 314 A.2d 854, *cert. denied*, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974). *Campana* established a rule of criminal procedure which required that all charges resulting from a criminal episode or transaction be consolidated in a single prosecution. Appellant contends the earlier Municipal Court prosecution legally precluded later

2. The appellant has not renewed on appeal the contention that Rule 1100 was violated since "trial" allegedly did not commence on February 20, 1975, the date to which the court ordered the extension. Such claim could not be maintained in view of the explanation set forth in the comments to Rule 1100: "A trial commences when the trial judge determines that the parties are present and directs them to proceed to voir dire, or to opening argument, *or to the hearing of any motions which have been reserved for the time of trial, or to the taking of testimony or to some other such first step in the trial.* [Emphasis added].
Testimony on the suppression motion, which was eventually incorporated into the trial record, was taken on February 20, 1975, the date set by the court.

prosecution on the charges of theft and unauthorized use of an auto.

The record shows that appellant failed to raise the *Campana* issue until post trial motions after the trial in Common Pleas Court.

On February 20, 1975, at the suppression hearing, after defense counsel merely mentioned double jeopardy in commenting on an unrelated issue, the Court raised a specific inquiry as to the possibility of a double jeopardy issue being present in the prosecution. Defense counsel replied that no such problem existed since the Commonwealth had moved to nolle pros all charges except theft and unauthorized use of an auto. Despite taking the diametrically opposite position at trial, appellant, following his conviction, declared double jeopardy had occurred. In these circumstances, appellant clearly must be deemed to have waived this claim. See *Commonwealth v. Green*, 232 Pa.Super. 134, 355 A.2d 493 (1975); *Commonwealth v. Howard*, 226 Pa.Super. 22, 312 A.2d 54 (1973). .

Even if waiver had not occurred in the present circumstances, we would find no violation of *Campana*. Appellant was tried in the Municipal Court on charges of theft and receiving stolen property (identification cards and checks) of two individuals, Uniform Firearms Act violations, and for driving with a counterfeit driver's license. Such offenses arose out of a distinct and different criminal episode than the theft of the auto, which proof at trial showed had occurred in May 1974, when the car was stolen from a rental car company. The nolle pros of other charges in the Common Pleas trial clearly prevented any *Campana* type of double jeopardy problem.

Affirmed.

JACOBS and HOFFMAN, JJ., concur in the result.