389 A.2d 658

COMMONWEALTH of Pennsylvania

v.

Eli HADDAD, Appellant.

COMMONWEALTH of Pennsylvania

v.

Elizabeth Ann SMITH, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 15, 1977.

Decided July 12, 1978.

William H. Naugle, Harrisburg, for appellants.

Michael D. Melie, Assistant District Attorney, with him D. Richard Eckman, District Attorney, Lancaster, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

Following a jury trial, the appellants were jointly found guilty of various criminal actions. Timely post-verdict motions were denied, and the appellants were sentenced. The appellants now contend, *inter alia*, that they were denied their right to a speedy trial under Pa.R.Crim.P. 1100. We are constrained to agree with the appellants' contention.

On June 27, 1975, criminal complaints were filed against the appellants charging them with various offenses. Under the mandate of Pa.R.Crim.P. 1100(a)(2),[1] the Commonwealth had 180 days, or until December 24, 1975, to bring the appellants to trial. On September 4, 1975, the appellants petitioned the court below to suppress certain evidence. The lower court reserved a hearing on the appellants' petition until the time of trial. The suppression hearing was conducted on September 18, 1975. At the end of the suppression hearing, the lower court postponed the appellants' trial until a decision could be made on their motion to suppress.

---

1. Pa.R.Crim.P. 1100(a)(2) provides that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

Trial eventually commenced on May 25, 1976, 333 days after the filing of the complaint.

The Commonwealth argues that "trial", for Rule 1100 purposes, began timely on September 18, 1975, when the hearing on the appellants' motion to suppress commenced. The appellants, however, assert that "trial" did not commence until May 25, 1976, well after the expiration of the mandatory period. The question therefore before us is when did "trial" commence in the instant case.

Generally, under Rule 1100, trial commences when the lower court ascertains that the parties are present and directs them to proceed to the hearing of any motion which had been reserved for trial. *Commonwealth v. Byrd*, 250 Pa.Super. 250, 378 A.2d 921 (1977); *see also Commonwealth v. Lamonna*, 473 Pa. 248, 373 A.2d 1355 (1977). In *Commonwealth v. Taylor*, 254 Pa.Super. 211, 385 A.2d 984 (1978), we further explained, however, that a hearing on a motion which had been reserved for trial will not signify the commencement of trial under Rule 1100 unless ". . . it reflects a commitment of time and resources by the court below and leads directly into the guilt-determining process." *Id.* at 215, 385 A.2d at 986. In *Taylor,* a case remarkably similar to the case at bar, trial did not commence until 173 days after the completion of the suppression hearing and 101 days after the expiration of the 180 day period. Under those circumstances, we concluded that the hearing on the suppression motion did not proceed directly into the guilt-determining process.[2]

We find the instant case to be directly controlled by our decision in *Taylor.* Here, trial did not commence until 250 days after the suppression hearing and 153 days after the expiration of the mandatory period. Thus, for the same reasons as stated in *Taylor,* we hold that the appellants' right to a speedy trial has been violated.

**2.** We note that the Commonwealth failed in both *Commonwealth v. Taylor,* 254 Pa.Super. 211, 385 A.2d 984 (1978), and in the instant case to file an extension petition under Pa.R.Crim.P. 1100(c).

The judgments of sentence are reversed, and the appellants are discharged.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.