396 A.2d 372

COMMONWEALTH of Pennsylvania, Appellee,

v.

Robert BETHEL, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 12, 1977.

Decided Dec. 22, 1978.

John W. Packel, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

This appeal is from the Order of the Court of Common Pleas of Philadelphia County, sentencing appellant Robert Bethel to two and one-half to five years in prison. Appellant alleges error in that court's refusal to dismiss the indictments where the Commonwealth failed to either commence the trial *de novo* within the time limit specified in Pa.R.Crim.P. 6013, or to petition timely for an extension of the requisite period. He argues additionally that his purported waiver of his constitutional right to counsel was invalid as a matter of law; that a new suppression hearing ought to be granted; and that the court below wrongfully

imposed a more severe sentence following trial *de novo* than that imposed by the Philadelphia Municipal Court. Because we are constrained to agree that the lower court failed to comply with Rule 6013, we vacate the judgment of sentence and discharge appellant.

On April 26, 1975, Officer Hugh Maguire received information via police teletype that appellant was being sought on charges of robbery, burglary, theft and weapons offenses. He then obtained a police photo of the suspect, and spoke to a detective who had obtained the warrant for his arrest.

Officer Maguire testified further that at approximately 5:10 P.M. on May 3, 1975 he observed appellant riding a bicycle at the intersection of 52nd Street and Springfield Avenue in Philadelphia. Recognizing him from the photo, he stopped and frisked him and found on his person a .22 caliber automatic pistol, loaded with nine rounds and one in the chamber. Appellant was then placed under arrest.

The officer testified further that at the time of arrest appellant did not produce a license to carry the gun. The Commonwealth then presented a certification from Harrisburg that a license had not been issued to appellant to carry a gun in Philadelphia, as well as a ballistics report concerning the operability of the weapon.

On April 23, 1976, appellant was found guilty before the Honorable Alfred J. DiBONA, Jr. of the Philadelphia Court of Common Pleas, sitting without a jury, on charges of unlawfully carrying a firearm without a license and carrying a firearm on public streets of Philadelphia. He had been convicted previously in the Philadelphia Municipal Court, and on October 17, 1975, filed an appeal from that conviction. Pa.R.Crim.P. 6013(g) provides that:

[a] trial de novo in the Court of Common Pleas shall commence within a period of ninety (90) days after the notice of appeal from the Municipal Court is filed. In all other respects the provisions of Rule 1100 shall apply to such trials in the Court of Common Pleas.

Consequently, the Commonwealth was obliged to commence trial de novo in Common Pleas Court no later than January 15, 1976, absent any exclusions or extensions by grace of Rule 1100. *See Commonwealth v. Weber*, 256 Pa.Super. 483, 486, 390 A.2d 206, 207 (1978).

Following a series of continuances, none of which is at issue here, the Honorable Edward J. BLAKE, on March 16, 1976, extended the date for commencement of trial to April 7, 1976. At no time did the Commonwealth file a petition to extend the period for commencement of trial beyond April 7th.

On April 7, 1976, a suppression hearing began before the Honorable Bernard J. GOODHART and after completion of the Commonwealth's evidence the hearing was continued over appellant's objection until the next day.[1] Appellant insists that for purposes of Rule 1100 and consequently Rule 6013, "trial" did not commence until April 23, 1976, well after the expiration of the extended mandatory period.[2] The precise question for our consideration therefore is when did "trial" *de novo* in the Court of Common Pleas begin in the instant case.

As a general rule, under Rule 1100 "trial" commences when the lower court determines that the parties are present and directs them to proceed to the hearing of any motions *which have been expressly reserved for trial. Commonwealth v. Jones*, 258 Pa.Super. 50, 55–56, 391 A.2d 667, 669–670 (1978); *Commonwealth v. Haddad & Smith*, 256 Pa.Super. 176, 178, 389 A.2d 658, 659 (1978). *See also* the comment to Pa.R.Crim.P. 1100. In addition, "trial" is deemed to commence with the suppression hearing only if it "trigger[s] a substantial commitment of the court's time and resources to a determination of a defendant's guilt . . ." *Commonwealth v. Griffin*, 257 Pa.Super. 153, 159, 390 A.2d 758, 761 (1978).

1. At that point appellant filed a motion to discharge, based on Rules 6013(g) and 1100, as he was convinced that trial would not be commenced on that day.

2. The Commonwealth has not filed an appellate brief in this case.

■ In the instant case, the motion to suppress the admission into evidence of the gun seized from appellant's person at the time of his arrest was not a motion expressly reserved for trial. Furthermore, Judge GOODHART explicitly told appellant at the suppression hearing that "[w]e are not going into [the question of your guilt or innocence] at this time. This is a Suppression Hearing. Your argument now is for your trial." Transcript of Suppression Hearing, April 8, 1976, at 47.

In addition, this case is distinguishable on its facts from *Commonwealth v. Fisher*, 244 Pa.Super. 361, 365, 368 A.2d 762, 764 (1976), in which we found no violation of Rule 1100. In *Fisher*, trial was deemed to commence on the date of the suppression hearing; however, the case had been called for trial in that day, the testimony at the suppression hearing was expressly incorporated into the trial record, and the suppression judge was also the trial judge. In the instant case on the other hand, the suppression hearing testimony was never incorporated into the trial record, nor was the case called for trial until 16 days after the date of the suppression hearing. Furthermore, the suppression judge did not preside at the appellant's subsequent trial on April 23, 1976.

Therefore, we conclude that the Commonwealth failed to commence trial on or before the expiration date set by Judge BLAKE, and consequently the charges against appellant must be dismissed.[3]

CERCONE, J., concurs in the result.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

[3]. Because of our conclusion in this regard, we need not consider appellant's additional claims that his waiver of counsel was invalid as a matter of law, that a new suppression hearing ought to be granted, and that the sentence imposed by the Common Pleas Court was improper.