399 A.2d 681

**COMMONWEALTH of Pennsylvania**

v.

**Walter KLUSKA, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 16, 1979.

Decided March 16, 1979.

Reargument Denied April 16, 1979.

John Paul Curran, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Div., Marrianne E. Cox, Philadelphia, for appellee.

Before ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

LARSEN, Justice.

On February 23, 1976, appellant was convicted of murder of the third degree, the prosecution arising from the strangulation death of a young Philadelphia woman in June of 1975. Post-trial motions were filed and denied and, on September 20, 1976, appellant was sentenced to undergo incarceration for a period of not less than ten (10) nor more than twenty (20) years. Appellant appeals from this judgment of sentence raising four issues, only one of which warrants discussion.

■ Appellant contends the Commonwealth failed to bring him to trial within 180 days of his arrest as required

by Rule 1100 of the Pennsylvania Rules of Criminal Procedure and, consequently, the Court below erred in not dismissing the charges against him. Appellant was arrested on August 5, 1975 and charged with the murder of one Carol Halpin. On November 13, 1975, appellant appeared before the Court with his attorney and agreed to reserve the hearing on his motion to suppress for the time of trial. The suppression hearing commenced on January 28, 1976 or 176 days subsequent to appellant's arrest and the filing of the criminal complaint. The suppression hearing was concluded on February 3, 1976, making the total time that had now elapsed since the filing of the criminal complaint 182 days. The following morning appellant filed an application under section (f) of Rule 1100 alleging the Commonwealth had not brought him to trial in 180 days and requesting dismissal of the charges against him. On that same day, February 4, 1976, appellant's application to dismiss was denied, appellant waived his right to a jury trial, the first witness was sworn, and testimony began. The question thus presented by appellant is whether the commencement of a suppression hearing reserved for time of trial will be deemed to be the commencement of trial for purposes of Rule 1100.

In *Commonwealth v. Lamonna*, 473 Pa. 248, 373 A.2d 1355 (1977), we cited with approval the Comment to Rule 1100 which provides in pertinent part:

"A trial commences when the trial judge determines that the parties are present and directs them to proceed to voir dire, or to opening argument, or *to the hearing of any motions which had been reserved for the time of trial*, or to the taking of testimony or to some other such first step in the trial." (Emphasis added.)

This Comment embodies the principle that the commencement of trial for purposes of Rule 1100 is to be "marked by a substantive, rather than a pro forma, event"[1], and that principle is as applicable here as it was in *Lamonna*. The hearing on appellant's motion to suppress was reserved for

1. *Commonwealth v. Lamonna, supra* at 260, 373 A.2d at 1361 (opinion of Eagen, C. J., joined by Roberts, J.)

time of trial, and his trial for purposes of this rule began with the hearing on that motion. The substantive event marking commencement of appellant's trial was, therefore, commencement of the hearing on appellant's motion to suppress. Since this occurred prior to the expiration of the 180-day period prescribed by Rule 1100, the Court below did not err in denying appellant's application to dismiss.

Judgment of sentence affirmed.[2]

EAGEN, C. J., and O'BRIEN, J., did not participate in the consideration or decision of this case.

---

**2.** The following three contentions raised by appellant are without merit: 1) that appellant was arrested without probable cause and, accordingly, the suppression court erred in not suppressing the inculpatory statements made by him while in police custody; 2) that the suppression court erred in concluding that appellant knowingly, intelligently and voluntarily waived his constitutional rights and voluntarily confessed to the crime; 3) that both the suppression court and the trial court erred in not allowing appellant to introduce the results of his polygraph examination for purposes of proving mental condition or state of mind.