425 A.2d 722

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Haddrick BYRD, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 16, 1980.

Decided Jan. 30, 1981.

Steven H. Goldblatt, Deputy Dist. Atty., Maxine J. Stotland, Asst. Dist. Atty., Philadelphia, for appellant.

Paul G. Hughes, Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

### OPINION OF THE COURT.

NIX, Justice.

This is an appeal by the Commonwealth seeking review of an order entered by the Superior Court reversing the judgments of sentence and discharging the appellee. A review of the procedural history is critical to the resolution of the questions involved. The charges herein involved stem from a robbery which occurred in the City of Philadelphia on October 29, 1974. During the course of an omnibus suppression hearing that had been reserved for the time of trial, appellee first raised a Rule 1100 violation and sought his release. The suppression hearing proceedings were interrupted by the assigned trial judge and the cause was referred back to the calendar judge for disposition of the Rule 1100 claim. The Rule 1100 claim was heard, denied and the matter was sent back to the assigned trial judge who completed the suppression proceedings and presided over the trial before a jury. The appellee was convicted on the charges and post-verdict motions were filed.

The single complaint raised in the post-verdict motions was the alleged Rule 1100 violation. Both parties submitted their respective version of the chronology of the events relating to the claimed violation.[1] It is to be noted that these documents contain significant areas of factual dispute, the resolution of which would be critical to a determination of the merits of the Rule 1100 question. The court dismissed the post-verdict motion, finding that the claim had been

1. We do not have before us the transcript, if one was made, of the proceedings before the calendar judge who initially heard and decided the Rule 1100 claim. No opinion was filed, nor is there any indication the calendar judge was ever called upon to set forth his reasons for the decision. The Commonwealth suggests in its brief that the calendar judge found that the motion had been made untimely and did not consider the merits of the claim.

waived because of appellee's failure to raise the issue prior to trial pursuant to paragraph (f).[2] The appellee's appeal to the Superior Court resulted in a reversal of the judgment of sentence and an order directing his discharge. *Commonwealth v. Byrd*, 250 Pa.Super. 250, 378 A.2d 921 (1977).

The majority of the Superior Court properly defined and correctly resolved the initial question presented. That question was whether there was a waiver in this case under paragraph (f) of the Rule, as found by the trial court. In this regard, the majority of the Superior Court held that the petition to dismiss in this case was filed after the commencement of trial and that the trial court was correct in denying the motion as being untimely, pursuant to paragraph (f).[3] This portion of the Superior Court's ruling is not here being challenged by either side.[4] What is being questioned by the Commonwealth, is the Superior Court's further determination that the merits of the claim was properly before the court and that the record provided a sufficient basis to sustain the determination that appellee should be discharged.

The Commonwealth contends that it was denied its right for a hearing under paragraph (f)—"A copy of such application shall be served upon the attorney for the Common-

**2.** Rule 1100(f) provides in pertinent part:
> *At any time before trial,* the defendant or his attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this Rule has been violated. [Emphasis added.]

**3.** While the language of paragraph (f) directs that the complaint must be made before the commencement of trial, it does not expressly set forth the consequences of the failure to do so. However, the case law has been consistent in the view that noncompliance results in a waiver of the claim. *Commonwealth v. Wallace*, 475 Pa. 27, 379 A.2d 558 (1977); *Commonwealth v. Lamonna*, 473 Pa. 248, 373 A.2d 1355 (1977); *Commonwealth v. Perkins*, 473 Pa. 116, 373 A.2d 1076 (1977); *Commonwealth v. Matt*, 248 Pa.Super. 538, 375 A.2d 371 (1977).

**4.** In the lower court the appellee had sought an interpretation of paragraph (f) which would not have barred his right to raise the claim. However, before us the appellee accepts the finding of a waiver under paragraph (f) and justifies the reaching of the merits of the Rule 1100 objection through the rubric of ineffective assistance of counsel.

wealth, who shall also have the right to be heard thereon." This position is not completely accurate since there was an opportunity for a hearing before the calendar judge pursuant to paragraph (f). Moreover, the Rule 1100 question was again raised in post-verdict motions. It therefore cannot be said that the opportunity for response provided to the Commonwealth under paragraph (f) was not afforded in this case. Additionally, the Commonwealth's suggestion that they had been surprised by the assertion of the claim of ineffectiveness of counsel in the Superior Court is also inaccurate. This question was raised in the post-verdict motions and decided in the Commonwealth's favor by the trial court.[5]

Although inarticulately framed, we do believe the Commonwealth does have a valid complaint. Both the calendar judge and the trial court on post-verdict motions dismissed the Rule 1100 claim on the ground that it had been untimely raised under paragraph (f). Neither of these courts made definitive findings as to the merits of the Rule 1100 objection.[6] The record does not reflect whether the Commonwealth asserted its position that the mandatory period had not expired before the calendar judge but it is clear that the Commonwealth's position at the post-trial stage was that the 180–day period did not expire until August 31, 1975.

The question in this case as to whether the Rule 1100 time frame did in fact expire prior to the commence-

---

5. The post-verdict motions court found that there was a tactical basis—delay and disruption of the orderly flow of the proceedings—for counsel's actions. That court was of the view that the Rule 1100 claim was recognized by the defense as being without substance and interposed the objection only to delay the proceedings for a tactical advantage.

6. The closest thing to a finding on the merits of the Rule 1100 claim was the following comment which appeared in the opinion of the post-verdict motions court:

In addition, a careful review of the Quarter Sessions record in this case indicates that a substantial portion of the continuances were at the behest of the defense. The Commonwealth was always ready for trial and always answered ready. Accordingly, counsel must have recognized that his position on Rule 1100 would undoubtedly be extremely weak.

ment of trial was a mixed question of fact and law. The factual disputes centered upon the number of delays and the reasons therefore and whether the defense agreed to the tolling of portions of the period. A computation under paragraph (d) could not be made until those factual disputes were resolved. Under our system of jurisprudence, factual disputes are to be raised and resolved at the trial or hearing level and not by appellate courts. *Commonwealth v. Martin*, 481 Pa. 515, 393 A.2d 23 (1978); *Commonwealth v. Hall*, 475 Pa. 482, 380 A.2d 1238 (1977); *Commonwealth v. Boone*, 467 Pa. 168, 354 A.2d 898 (1975); *Commonwealth v. Hunt*, 263 Pa.Super. 504, 398 A.2d 690 (1979). The appellate court's role is confined to assuring that the trial or hearing court's findings are supported by the record upon which they are made.[7]

■ We note that the Superior Court's disposition was premised upon the conclusion that appellant was not in fact brought to trial within the 180–day period. The majority opinion suggests that this fact was conceded by the Commonwealth.[8] We find nothing in the record to support the existence of this concession.[9] To the contrary, what is apparent is the Superior Court was faced with a conclusion from the court below that the Rule 1100 claim was "extremely weak", *see* n. 6, and that the motion to dismiss was belatedly filed as a part of defense strategy. *See* n. 5. The validity of these conclusions could not be tested without first

7.  Where a dispute as to the correct computation of the period results from a disagreement as to the legal consequences of certain periods of delay under paragraph (d) of the rule, it is then appropriate for an appellate court to resolve such questions. *Commonwealth v. Vaughn*, 475 Pa. 277, 380 A.2d 326 (1977); *Commonwealth v. Lamonna*, 473 Pa. 248, 373 A.2d 1355 (1977); *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976); *Commonwealth v. Jackson*, 262 Pa.Super. 151, 396 A.2d 690 (1978).

8.  The Commonwealth does not contest that it failed to bring the appellant to trial within the mandatory period, asserting instead the appellant forfeited his right to a speedy trial under Rule 1100 by failing to comply with the requirements of Rule 1100(f). *Id.*, 250 Pa.Super. at 252, 378 A.2d at 922.

9.  The only concession appears to be that the trial commenced beyond 180 days from the filing of the complaint.

ascertaining the factual version that was accepted by the post-verdict court. Obviously, the Superior Court's mistaken assumption of the existence of a concession was the reason for its failure to recognize the inadequacy of the record before it.

Nor can it be said, on the basis of the record before us, that the claim of the existence of these unresolved facts is fictitious and merely interposed for the purpose of further delay. As has been stated at the time of the post-verdict motions, both sides set forth in detail their respective versions of the chronology. The version of the chronology offered by the Commonwealth satisfies us that if its factual predicate can be established, they are correct in their conclusion that the 180–day period did not begin before the commencement of this trial.[10] Moreover, an implicit recognition of the absence of a resolution of the factual issues is reflected in appellee's brief, wherein he invites us "to evaluate the Superior Court's decision ... by reviewing the factual allegations in the Commonwealth's Answer to Defendant's Post Verdict Motions ..., together with any evidence in support thereof in the notes of testimony or Common Pleas Court continuance sheets..." [Appellee's brief, pgs. 4–5.]

An interesting facet in this case is that on August 4, 1975, the calendar judge relisted the matter for trial on September 22, 1975. This would have been beyond the Rule 1100 period as presently computed by the Commonwealth (August 31, 1975). On August 7, 1975, the Commonwealth filed a petition to extend the Rule 1100 time frame. This action is consistent with the Commonwealth's present contention.

10. The criminal complaint was filed against appellee on August 30, 1974. The 180–day calendar period would have expired on April 28, 1975. Trial in fact commenced on August 25, 1975, 299 days after the filing of the complaint. Appellee argues from his factual premise at most 90 of the 299 days were excludable pursuant to paragraph (d). Thus, under their computation the presumptive period would have expired on July 28, 1975. The majority of the Superior Court determined that the 180–day period expired on June 27, 1975. The Commonwealth urges the position that the 180–day period did not expire until August 31, 1975.

The petition was contested by the defense and argued on August 14, 1975. On August 19 or 20, the court denied the petition to extend and the case was listed for August 25, 1975. It therefore would appear in that proceeding the parties were in agreement that the Rule 1100 time frame was August 31, 1975. In any event, this circumstance virtually excludes the possibility that the Rule 1100 claim was inadvertently overlooked by the defense until after the commencement of trial on August 25, 1975. Moreover, the fact that this proceeding was consistent with the Commonwealth's instant contention and totally inexplicable, accepting the appellee's present position, seems to lend credence to the evaluation of the Rule 1100 claim made by the post-verdict motions judge.

In any event, it is clear that in attempting to ascertain whether counsel was ineffective in failing to timely raise the Rule 1100 claim, the question as to whether or not the Rule 1100 time frame had in fact expired at the time of the commencement of this trial is critical. *See Commonwealth v. Musi*, 486 Pa. 102, 404 A.2d 378 (1979); *Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978); *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). If the trial did in fact begin with the Rule 1100 time frame, an asserted violation would be without merit and counsel's belated assertion of it would be of no consequence. Having concluded that the record contains material, factual questions upon which this issue depends, the matter must be remanded to the trial court for this purpose.

Accordingly, the record in this matter is remanded to the Court of Common Pleas of Philadelphia County for an evidentiary hearing to determine whether the Rule 1100 time frame had expired prior to August 25, 1975. If it is determined that the Rule 1100 time frame had expired prior to that date, then each side shall be permitted the opportunity of presenting evidence on the question of trial counsel's ineffectiveness in failing to raise a timely Rule 1100 claim. The court below is to make findings of fact and conclusions of law as to these questions and enter an appropriate order. The appellate rights of both sides are preserved.