439 A.2d 1230

**COMMONWEALTH of Pennsylvania,**

v.

**Mark A. MACHI, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 12, 1981.

Filed Jan. 14, 1982.

Karl W. Wiedt, III, Pittsburgh, for appellant.

Kamali Alexander Mericli, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before SPAETH, SHERTZ and MONTGOMERY, JJ.

SPAETH, Judge:

This is an appeal from a judgment of sentence for operating a lottery. Appellant argues that he was not tried within the period required by Pa.R.Crim.P. 1100.[1] We have concluded that he was not, and therefore order him discharged.

The complaint was filed on February 28, 1978. A timely motion to suppress was filed, and was scheduled to be heard "on the date of trial, immediately prior to trial." Order of Court dated June 1, 1978 (not included in reproduced record). Trial was scheduled for July 17, 1978, and on that date the lower court heard the motion to suppress. The central issue concerned the constitutionality of the Pittsburgh Police Magistrate's Court, a question then pending before the Supreme Court. The lower court states that it "postponed the commencement of trial at the request of defense counsel and upon agreement by the Commonwealth and Defendant until a decision was rendered by the Supreme Court . . . ." Slip op. at 4. The run date for the 180-day period was August 27, 1978. About six months later, on January 24, 1979, the Supreme Court upheld the constitutionality of the Magistrate's Court. *Commonwealth ex rel. Paulinski v. Isaac*, 483 Pa. 467, 397 A.2d 760, *cert. denied*, 442 U.S. 918, 99 S.Ct. 2841, 61 L.Ed.2d 286 (1979). A month later, on February 28, 1978, which was 365 days after the complaint had been filed, appellant was tried by a judge sitting without a jury—the same judge as the judge who heard the motion to suppress—and was convicted. At no point did the Commonwealth petition for an extension of time.

1. Appellant also argues that the Pittsburgh Police Magistrate's Court is without power to issue search warrants, so that his motion to suppress should have been granted, and that the Commonwealth failed to establish that he was operating a lottery. Appellant's Brief at 6. We do not reach these issues.

■ The Commonwealth argues that for Rule 1100 purposes, appellant's trial commenced at the beginning of the suppression hearing on July 17, 1978, something over a month before the run date.

Rule 1100 does not speak directly to this argument, providing only that "[f]or the purposes of this Rule, trial shall be deemed to commence on the date the trial judge calls the case to trial." However, our interpretation of this provision is aided by the Comment, which we adopted in *Commonwealth v. Byrd*, 250 Pa.Superior Ct. 250, 378 A.2d 921 (1977), *rem'd on other grounds*, 493 Pa. 178, 425 A.2d 722 (1981). *Accord, Commonwealth v. Kluska*, 484 Pa. 508, 399 A.2d 681, *cert. denied*, 444 U.S. 858, 100 S.Ct. 120, 62 L.Ed.2d 78 (1979); *Commonwealth v. Brown*, 264 Pa.Superior Ct. 127, 399 A.2d 699 (1979); *Commonwealth v. Taylor*, 254 Pa.Superior Ct. 211, 385 A.2d 984 (1978); *Commonwealth v. Jackson*, 262 Pa.Superior Ct. 151, 396 A.2d 690 (1978). The Comment provides in pertinent part:

> It is not intended that preliminary calendar calls should constitute commencement of a trial. A trial commences when the trial judge determines that the parties are present and directs them to proceed to voir dire, or to opening argument, or to the hearing of any motions which had been reserved for the time of trial, or to the taking of testimony or to some other such first step in the trial.

In discussing this definition of "commencement of a trial," Chief Justice EAGAN in *Commonwealth v. Lamonna*, 473 Pa. 248, 260, 373 A.2d 1355, 1361 (1977) (concurring opinion), concluded that the language "first step in the trial" means "the beginning of any stage which leads directly into the guilt-determining process." This conclusion became part of the test formulated by us in *Commonwealth v. Dozier*, 258 Pa.Superior Ct. 367, 392 A.2d 837 (1978), where we said:

> Thus, a hearing on a motion will mark the commencement of a trial under Rule 1100 only if (1) the accused is adequately warned that the hearing has been reserved until the time of trial and (2) the hearing actually leads directly into the guilt-determining process.

*Id.,* 258 Pa.Super. at 371–2, 392 A.2d at 840.

Here the first part of the *Dozier* test was satisfied, for as noted above, on June 1, 1978, the lower court ordered that the motion to suppress was to be heard "on the date of trial, immediately prior to trial." *Cf. Commonwealth v. Jackson, supra* 262 Pa.Super. at 157 n. 4, 396 A.2d at 693 n. 4, (notation in record found inadequate "to advise appellant here that his suppression motion would signal the commencement of his trial"); *Commonwealth v. Dixon,* 262 Pa.Superior Ct. 161, 396 A.2d 695 (1978) (remand to determine whether defendant or his attorney had received notice of petition for an extension). The issue is whether the second part of the *Dozier* test was also satisfied.

In considering this issue in other cases, we have said that a suppression hearing will be found to have lead directly into the guilt-determining process only if it triggered a substantial commitment of the court's time and resources to a determination of the defendant's guilt. *Commonwealth v. Bethel,* 261 Pa.Superior Ct. 231, 234, 396 A.2d 372, 374 (1978). We have consistently refused to find such a triggering event or direct lead-in where a substantial period had elapsed between the end of the suppression hearing and the beginning of the actual trial. *Commonwealth v. Brown,* 264 Pa.Superior Ct. 127, 399 A.2d 699 (1979) (250 days between suppression hearing and trial); *Commonwealth v. Taylor,* 254 Pa.Superior Ct. 211, 385 A.2d 984 (1978) (173 days between suppression hearing and trial); *Commonwealth v. Haddad,* 256 Pa.Superior Ct. 176, 389 A.2d 658 (1978) (250 days between suppression hearing and trial); *Commonwealth v. Griffin,* 257 Pa.Superior Ct. 153, 390 A.2d 758 (1978) (62 days between suppression hearing and trial); *Commonwealth v. Bethel, supra* (16 days between suppression hearing and trial.[2] Here the period between the sup-

---

**2.** In *Jones v. Commonwealth,* 495 Pa. 490, 434 A.2d 1197 (1981), a two and one-half year period intervened between the suppression hearing and the trial. However, in that case the Commonwealth had appealed the grant of a motion to suppress. The Supreme Court held that the appeal was an "automatic supersedeas of the operation of Rule 1100," *Id.,* 495 Pa. at 498, 434 A.2d at 1200–01, because its

pression hearing and the trial was 185 days, not so long as the periods considered in *Brown* and *Haddad*, but a little longer than the period in *Taylor* and a great deal longer than the periods in *Griffin* and *Bethel*. We therefore conclude that the second part of the *Dozier* test was not satisfied.

The correctness of this conclusion is confirmed by a review of cases in which we have held that the *Dozier* test was satisfied. In each such case the actual trial was so soon after the suppression hearing that the two could be viewed as a unified whole.[3] *Commonwealth v. Whitner*, 278 Pa.Superior Ct. 175, 420 A.2d 486 (1980) (jury selection immediately after suppression hearing); *Commonwealth v. Kluska, supra* (trial began day after completion of suppression hearing); *Commonwealth v. Wharton*, 250 Pa.Superior Ct. 25, 378 A.2d 434 (1977) (jury selection began day after completion of suppression hearing); *Commonwealth v. Fisher*, 244 Pa.Superior Ct. 361, 368 A.2d 762 (1976) (trial began two days after completion of suppression hearing).

Our conclusion that appellant's trial did not commence with the suppression hearing does not, however, end our

effect was to deprive the lower court of jurisdiction to proceed with the trial. Here, in contrast, the Commonwealth took no action that could be considered the functional equivalent of filing for an extension of time, and jurisdiction remained with the lower court at all times.

**3.** "Unified" in a chronological sense. In a functional sense, a suppression hearing cannot "lead into" the guilt-determining process because it is not part of that process but is simply a way of administering the exclusionary rule. 3 LaFave, *Search & Seizure: A Treatise on the Fourth Amendment* § 11.2 (1978). Referring to the distinction between a suppression hearing and a trial, the United States Supreme Court has said:

We must remember also that we are not dealing with the trial of the criminal charge itself. . . . The very purpose of a motion to suppress is to escape the inculpatory thrust of evidence in hand, not because its probative force is diluted in the least by the mode of seizure, but rather as a sanction to compel enforcement officers to respect the constitutional security of all of us under the Fourth Amendment.

*McCray v. Illinois*, 386 U.S. 300, 307, 87 S.Ct. 1056, 1060, 18 L.Ed.2d 62 (1967).

inquiry. The lower court found, although the Commonwealth did not request or argue for the finding, that

trial commenced on July 17, 1978 with the suppression hearing and was interrupted and delayed at the request of defense counsel. Accordingly, defendant waived his right to a speedy trial under Rule 1100 . . . .

Slip op. at 4.

This finding is facially appealing, for a defendant may not benefit from a delay that he has caused. *Commonwealth v. Gallo*, 276 Pa.Superior Ct. 562, 419 A.2d 601 (1980). However, Rule 1100 protects a fundamental right personal to the accused. *Commonwealth v. Guldin*, 278 Pa.Superior Ct. 69, 419 A.2d 1360 (1980). Therefore, either a signed statement or an on-the-record colloquy is necessary before waiver by the accused may be found. *Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598 (1980). *See also, Commonwealth v. Manley*, 491 Pa. 461, 421 A.2d 636 (1980); *Commonwealth v. Coleman*, 477 Pa. 400, 383 A.2d 1268 (1978). Here there was neither a signed statement nor an on-the-record colloquy. Indeed, the only evidence of record appears at the conclusion of the suppression hearing, when the following occurred:

THE COURT: Will there by any argument?

MR. WIEDT: Yes, sir.

(Arguments held off the record)

THE COURT: We will continue this until we get the briefs and the other things, and we will wait to see what happens.

Record at 57a.

Accordingly, we are unable to uphold the lower court's finding that appellant waived his Rule 1100 rights.

Our discussion might end at this point. Given the lower court's opinion, however, we have examined one further aspect of the case. As we noted in our statement of the case, in its opinion the lower court explains the delay between the completion of the suppression hearing and the actual trial by saying that it "postponed the commencement

of trial at the request of defense counsel and upon agreement by the Commonwealth and Defendant until a decision was rendered by the Supreme Court [in *Paulinski*] . . ." Slip op. at 4. This statement, we believe, requires some comment, for otherwise our decision may be misunderstood.

■ As we have already indicated, the record does not support the court's statement that its postponement of the commencement of trial was "upon agreement by the Commonwealth *and Defendant.*" We may assume that appellant, as the defendant, was present, and therefore heard the court say, "We will continue this until we get the briefs and the other things, and we will wait to see what happens." However, mere silence by a defendant when a continuance is granted does not constitute agreement, or waiver. *Commonwealth v. Frazier,* 278 Pa.Superior Ct. 247, 420 A.2d 523 (1980); *Commonwealth v. Garrison,* 277 Pa.Superior Ct. 18, 419 A.2d 638 (1980); *Commonwealth v. Brown,* 264 Pa.Superior Ct. 127, 399 A.2d 699 (1979).

■ Nor is it evident from the record that the postponement of the commencement of trial was "at the request of defense counsel." Instead, the record indicates that the postponement was by mutual agreement. Specifically, when the trial began, the lower court said, in rejecting defense counsel's Rule 1100 argument:

> We heard all the testimony on the Motion to Suppress in our case, and the only reason we did not proceed was because you, the Defense Counsel, Mr. Corbett [for the Commonwealth] and I all agreed that we would not do anything at all about this matter until such time as the Supreme Court acted.

Record at 67a.

Also, in this regard, it may be noted that the Commonwealth did not argue at trial, and does not argue now, that defense counsel requested a continuance or was otherwise responsible for the delay. To the contrary, in replying to defense counsel's Rule 1100 argument, the Commonwealth argued:

We would argue that *the delay*, any delay in this case *was caused by the court*, should be viewed as Court delay, should not be charged to the Commonwealth, and therefore, the 180 days should again continue to run from the date that Your Honor set this trial and denied the Motion to Suppress, which I believe you have already done. R. 65a (emphasis added).

The judgment of sentence is reversed and appellant discharged.

SHERTZ, J., files a concurring opinion.

Decision was rendered prior to SHERTZ, J., leaving the bench of the Superior Court of Pennsylvania.

SHERTZ, Judge, concurring:

I agree with the result reached by the majority. However, rather than reach the issue of whether or not Appellant was tried within the period mandated by Rule 1100, Pa.R.Crim.P., I would affirm on the basis of insufficiency of the evidence.

The test of sufficiency of evidence is whether, accepting as true all the evidence presented by the prosecution and all reasonable inferences therefrom, which if believed, the jury could properly base its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime.

*Commonwealth v. Smith*, 283 Pa.Super.Ct. 360, 365, 423 A.2d 1296, 1298 (1981).

Instantly, Appellant was found guilty of operating a lottery.[1] At the time of his arrest, numbers slips indicating a total play of more than $3,000, together with currency totalling from $1,600, were discovered in Appellant's possession. These alone, however, were not sufficient to convict Appellant. As this Court stated in *Commonwealth v. Lane*, 242 Pa.Super.Ct. 283, 363 A.2d 1271 (1976):

1. Pursuant to 18 Pa.Cons.Stat.Ann. § 5512 (Purdon 1973).

In *Commonwealth v. Bondi* [217 Pa.Super. 133, 269 A.2d 398] supra, the defendant was found to be in possession of a card with 43 bets on it. In spite of the large number of bets, this Court held that without evidence as to whether the card was a writer's card or a player's card, the defendant's conviction for operating a lottery could not be sustained. In the present case, there was simply no evidence as to whether the slips possessed by appellant were those of a writer or those of a player. Normally the Commonwealth presents testimony of an officer familiar with lottery operations as to whether the slips possessed were writer's slips . . . . However, the lack of such testimony was fatal in this case.

*Id.*, 242 Pa.Super. at 287, 363 A.2d 1273 (citations omitted). The same evidentiary deficiency was present and is similarly fatal in the instant case. Accordingly, I concur.