445 A.2d 831

**COMMONWEALTH of Pennsylvania**

v.

**Samuel GUNTER, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 12, 1979.

Filed May 14, 1982.

Helen R. Kotler, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before HESTER, MONTGOMERY and LIPEZ, JJ.

PER CURIAM.

The factual and procedural history of these consolidated appeals is as follows:

On November 5, 1973, two gunmen robbed a Pittsburgh tavern. They remained in the well lit bar for approximately fifteen minutes taking money from the cash register and a collection jar. Several bottles of whiskey were also taken. The tavern owner and the bartender closely observed the gunmen while the robbery was in progress. A few weeks later, the owner recognized appellant as one of four men pictured in the newspaper. The police were notified, and several days later, appellant and his codefendant were identified in a lineup of four men including three of those whose pictures appeared in the newspaper. Appellant was seventeen years old at the time.

A petition for delinquency was filed on December 31, 1973, alleging appellant's involvement in the tavern robbery. The case was certified to the Criminal Division of the Court of Common Pleas on February 14, 1974. Appellant was thereafter indicted on one count of armed robbery. He proceeded to trial on April 13, 1974, but a mistrial was declared by the trial judge, over defense counsel's objections, due to the jury's inability to reach a verdict. Motions to dismiss on grounds of double jeopardy and a Pa.R.Crim.P. 1100 violation were denied on May 20, 1976, and a new trial com-

menced immediately before a judge and jury. Four days later, appellant was found guilty as charged, and was sentenced to two and one half (2½) to five (5) years imprisonment on July 20, 1976.

Timely filed post verdict motions alleged, *inter alia*, erroneous denial of his motions to dismiss and his motion to suppress the lineup identification. The motions were denied. A direct appeal was perfected setting forth two issues for review: (1) the impropriety of the declaration of a mistrial over appellant's objections; and, (2) the insufficiency of the evidence to sustain the conviction. This court affirmed the judgment of sentence in *Commonwealth v. Gunter*, 250 Pa.Super. 601, 379 A.2d 588 (1977). Appellant's petition for allowance of appeal was denied by the Supreme Court.

In November of 1977, appellant filed a petition pursuant to the Post Conviction Hearing Act[1] (hereinafter PCHA) causing the lower court to appoint current counsel to assist in the proceeding. Appellant's original and amended PCHA petitions alleged, *inter alia*, that original appellate counsel was ineffective in not raising the issue of his denial of the right to a speedy trial.[2]

Following a hearing, the lower court granted appellant the right to appeal, *nunc pro tunc*, the speedy trial issue to this court. That appeal was docketed at No. 1143 April Term, 1978. The lower court then filed an order denying PCHA relief on all other issues. An appeal from that order was docketed at No. 149 April Term, 1979.

■ The lower court properly granted appellant the right to appeal the Rule 1100 issue *nunc pro tunc. Commonwealth v. Miranda*, 296 Pa.Super. 441, 442 A.2d 1133 (1982). As a result, we will review appellant's allegation that his

---

1. Post Conviction Hearing Act, Act 1966, January 25, P.L. 1580 (1965), 19 P.S. § 1180–1 et seq. Repealed 1978, April 28, P.L. 202, No. 53, § 2(a) [1397], eff. June 27, 1980. Now implemented by Pa.R.Crim.P. 1501 through 1506.

2. Based upon our disposition of appellant's *nunc pro tunc* appeal, we need not reach the other issues which are set forth in his PCHA appeal.

Rule 1100 rights were violated as if the issue were presented in the original direct appeal.

As the criminal process began on February 14, 1974, Rule 1100(a)[3] mandates that appellant's trial was to begin no more than 270 days thereafter.[4] The Commonwealth argues that appellant has waived his right to assert this issue on appeal as he failed to file a written application for dismissal of charges under Rule 1100 prior to trial. The record reveals that in lieu of filing a written application, defense counsel presented the Rule 1100 dismissal motion orally. It is true that our court has determined that a written application should be timely filed prior to trial in order to preserve a Rule 1100 claim for appellate review. *Commonwealth v. Yancey*, 251 Pa.Super. 478, 380 A.2d 880 (1977); *Commonwealth v. Webb*, 254 Pa.Super. 429, 386 A.2d 25 (1978) (Opinion in Support of Affirmance). Our Supreme Court in *Commonwealth v. Lamonna*, 473 Pa. 248, 373 A.2d 1355 (1977), however, found that an oral motion to dismiss pursuant to Rule 1100 is considered a timely application if made prior to the first substantial step in the trial.[5] *See also, Commonwealth v. Webb, supra,* (Opinion in Support of Reversal). The Supreme Court indirectly confirmed this position in *Commonwealth v. Byrd*, 493 Pa. 178, 425 A.2d 722 (1981). We, therefore, find that appellant's oral motion to dismiss under Rule 1100 was timely and he has not waived the issue for purposes of the *nunc pro tunc* appeal, despite the absence of a claim of extraordinary circumstances.

3. Pa.R.Crim.P. (a)(1): "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1973 but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed."

4. When a juvenile is transferred to the criminal division of the Court of Common Pleas, Rule 1100 begins to run from the date of the transfer. *Commonwealth v. Bell*, 481 Pa. 229, 392 A.2d 691 (1978).

5. Trial begins for purposes of Rule 1100 when the jury is empaneled or voir dire or any other substantial step of trial has begun. *Commonweatlh v. Lamonna*, 473 Pa. 248, 373 A.2d 1355 (1977). A suppression hearing is not such a substantial step. *Commonwealth v. Byrd*, 493 Pa. 178, 425 A.2d 722 (1981).

■   Under Rule 1100(a)(1) appellant should have proceeded to trial by November 11, 1974, 270 days after the certification to criminal court. Instead, trial commenced on April 13, 1976, or 789 days after certification.

Rule 1100(d) provides for exclusion of time, for purposes of a speedy trial, due to any delays resulting from:

(1) the unavailability of the defendant or his attorney;

(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded.

Trial was originally scheduled to commence on July 2, 1974. On June 20, 1974, defense counsel requested a continuance (1) due to a conflict in defense counsel's schedule as he was to try two other cases that same date, one of which was a jury trial; and (2) because appellant had another trial scheduled in July, the disposition of which may have expedited the subject trial. The request was granted and trial was rescheduled for September 17, 1974. Another continuance was requested by defense counsel on September 9, 1974, setting forth the same reasons as those given in the first request. The continuance was granted until the conclusion of appellant's other trial which was July 22, 1975. The total time resulting from these two continuances is 406 days.

Though Rule 1100(d)(2) provides that only the period beyond the thirtieth day of a continuance may be excluded, special circumstances may dictate otherwise. Such a special circumstance is when a continuance is properly granted due to defense counsel's unavailability. This occurrence allows the exclusion of the entire period of the continuance under Rule 1100(d)(1). *See, Commonwealth v. Warner*, 269 Pa.Super. 1, 409 A.2d 33 (1979). Both of the above continuances were premised upon the unavailability of defense counsel, but did set forth an unrelated additional reason. But for the nature of that additional reason, we would exclude the entire 406 days. Instead, we exclude only 59 and 287 days respectively, or 346 days total, as we find that the second

reason offered may still have existed, and did, even if defense counsel was available.

Following the conclusion of appellant's other trial, nothing more is of record until October 20, 1975. On that date, defense counsel requested another continuance based on the fact that appellant could no longer afford the services of private counsel and acquired representation from the Public Defender on October 15, 1975. The Public Defender, therefore, needed additional time to prepare their case and file pretrial motions. Trial was continued until November 5, 1975, or 17 days. This period of time falls within the ambit of Rule 1100(d)(2), and may not be excluded as it is less than 30 days.

On November 5, 1975, appellant did not appear for trial and was unavailable until February 2, 1976, or a period of 89 days. This entire period is excludable under Rule 1100(d)(1) for a total thus far of 435 excludable days.

On February 2, 1976, the case was listed for March 17, 1976, at which time the Commonwealth requested and was granted a postponement. Trial was then scheduled for April 6, 1976, but was not reached until April 13, 1976, suppression and dismissal motions having been presented and denied on April 12, 1976. As we have no indication of whether the Commonwealth's petition was properly granted in light of a showing of due diligence, we do not exclude the 21 day period resulting from the postponement granted the Commonwealth.

Taking into account all of the properly excludable time, appellant was brought to trial 354 days after the commencement of the criminal process. This being a violation of Pa.R.Crim.P. 1100(a)(1), the proper remedy is appellant's discharge.

Judgment of sentence reversed and vacated, and appellant discharged.

HESTER, J., files a dissenting statement.

HESTER, Judge, dissenting:

I respectfully dissent. I would affirm on the Opinion of Judge Schwartz of the court below.