J-S76009-13

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

Appellee

v.

NEIL ANDREW NEIDIG

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 2135 MDA 2012

Appeal from the Judgment of Sentence entered October 18, 2012,
in the Court of Common Pleas of Northumberland County,
Criminal Division, at No(s): CP-49-CR-0000756-2011
and CP-49-CR-0000295-2012

BEFORE: ALLEN, LAZARUS, and FITZGERALD, JJ.[*]

CONCURRING STATEMENT BY FITZGERALD, J.: **FILED FEBRUARY 03, 2015**

I respectfully disagree with the majority's conclusion that the Commonwealth commenced trial within 365 days of the filing of the complaint. However, for the reasons that follow, I concur in the determination that Appellant was not entitled to relief on his Rule 600 claim.

The underlying criminal complaint in CR-756-2011 was submitted to, and accepted for filing by, the magisterial district court on June 20, 2011. That same day, the magisterial district judge issued process under which Appellant remained in custody after failing to post bail. The complaint,

---

[*] Former Justice specially assigned to the Superior Court.

however, was not stamped and docketed as filed in the Court of Common Pleas until July 26, 2011.

Although the majority and the trial court apply the July 26, 2011 filing date for their Rule 600 analyses, I would hold the start date for Rule 600 is the filing of the complaint that begins the criminal proceeding. ***See*** Pa.R.Crim.P. 600(G) & cmt. ("It is intended that 'complaint' also includes special documents used in lieu of a complaint to initiate criminal proceedings such as criminal proceedings instituted by a medical examiner or coroner"), *rescinded & replaced by* Pa.R.Crim.P. 600(A)(2)(a) & cmt., eff. July 1, 2013;[1] ***Commonwealth v. Mitchell***, 372 A.2d 826, 829 (Pa. 1977) (discussing question of "when is a complaint deemed filed" for purposes of Rule 1100, noting "in the situation where a complaint is presented to a court and a warrant issued, the criminal proceedings begin with the presentation of the complaint to the court[,]" and holding "it is clear that Rule 1100 contemplates the commencement of the running of the mandatory period at the point criminal proceedings are initiated"); ***see also*** Pa.R.Crim.P. 504-509 (discussing institution of proceedings by "filing" complaint with appropriate issuing authority).

Thus, I would conclude the complaint was "filed" on June 20, 2011, for the purposes of Rule 600, and the mechanical run date expired 365 days

---

[1] The provisions and comments are substantially similar in the both the current and former versions of Rule 600, as well as former Rule 1100.

later, on June 19, 2012. *See* Pa.R.Crim.P. 600(G), *rescinded* eff. July 1, 2013. Trial, for the purposes of Rule 600, commenced on July 9, 2012, when a jury was selected. ***See Commonwealth v. Kluska***, 399 A.2d 681, 682 (Pa. 1979); Pa.R.Crim.P. 600, cmt. (discussing commencement of trial), *rescinded* eff. July 1, 2013. Thus, there was a twenty-day delay from expiration of the mechanical Rule 600 run date and the commencement of trial.

Unfortunately, the trial court did not address this *prima facie* violation of former Rule 600(G). Therefore, the court did not render specific findings of fact regarding excludable or excusable time, but assumed the Commonwealth's view of the record was correct. However, Appellant fails to demonstrate that the court erred in its assumption that more than eighty days were attributable to his inability to obtain counsel after this matter was transferred to the Court of Common Pleas. Because Appellant has not demonstrated error in that calculation, I would discern no basis to disturb the court's assumption and conclude that those eighty days did not run against the Commonwealth. Accordingly, I would conclude Appellant was not entitled to discharge under former Rule 600(G).

Therefore, I concur.